346 So.2d 807 (1977)
Junious J. JONES
v.
STATE of Louisiana, THROUGH the DEPARTMENT OF INSTITUTIONS.
No. 11272.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
Owen J. Bradley, New Orleans, of counsel for plaintiff Junious J. Jones appellant.
Stanford O. Bardwell, Jr., Asst. Atty. Gen., Baton Rouge, of counsel for defendant State of La. through the Dept. of Institutions appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
Plaintiff, Junious J. Jones, an inmate of Louisiana State Penitentiary (Angola), who was seriously injured from an attack by a fellow inmate, Theotis Robinson, appeals from the judgment of the lower court dismissing his claim for damages. We affirm.
The facts are not in serious dispute and it is sufficient to state them briefly. The plaintiff and another inmate were incarcerated in a two-man cell located in cellblock number four, a maximum security facility, at the Angola prison. On December 28, 1968, as Robinson walked by Jones' cell on his way to take a shower, he suddenly threw a substance described as a flaming mixture of deodorant and lighter fluid at Jones, causing severe burns across Jones' arms, chest and upper body. The attack was unprovoked, and came suddenly and without warning to Jones, who was in his bunk with his back turned toward Robinson. At the time of the attack, the correctional officer was at his proper station, only a short distance from the end of the corridor, near the shower cell. From the officer's panel control box station, he could not see inside the individual cells, but he could see down the length of the corridor running in front of the row of cells. The officer, who had been observing Robinson as he came down the corridor, realized immediately that the attack had occurred. He reacted promptly by ordering Robinson to return to his cell. and then the officer went to Jones' cell and quickly put out the fire. Shortly thereafter, medical treatment was rendered to Jones. These facts clearly show that the penal institution measured up to its standard of "reasonable or ordinary care."
*808 The applicable rule of law has been stated by the Louisiana Supreme Court in the case of Parker v. State, 282 So.2d 483, 486 (La.1973), as follows:
"A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. St. Julian v. State, La.App., 98 So.2d 284 (1957); 60 Am.Jur.2d, Penal and Correctional Institutions, section 17, p. 821 (1972); 72 C.J.S. Prisons § 13, p. 866; Annot., Prison-Assault by Prisoner, 41 A.L.R.3rd 1021, 1028-1029 (1972)."
Under the Parker rule, the lower court found no negligence on the part of the defendant, State of Louisiana, through the Department of Institutions, or the prison employees.
In his written reasons for judgment the trial judge stated:
"The facts of this case clearly demonstrate that neither Claude Bordelon, the correctional officer directly in charge, nor any other penal authority knew or had reason to anticipate that Jones would be attacked by Robinson."
We have carefully reviewed the record, and find that the evidence is amply supportive of this conclusion. The record clearly establishes that no one anticipated any difficulty between Robinson and Jones. The correctional officers had no reasonable cause to anticipate an attack on Jones. Prior thereto, the plaintiff had not been threatened in any way by Robinson.
The appellant primarily argues that the penal institution should be found liable for systematic deficiencies even if the evidence fails to establish the individual negligence of the persons immediately responsible for the supervision and custody of the appellant. The appellant would have this Court apply the intermediate appellate court's Breaux rule rather than the Parker rule as re-affirmed by the Louisiana Supreme Court's Breaux decision. See Breaux v. State, 314 So.2d 449 (La.App. 1 Cir. 1975), and 326 So.2d 481 (La.1976). From our study of these cases, we can understand the appellant's urging that the "broader rule" now is applicable to situations where inmates are injured by other inmates in a penal institution, for the Supreme Court did not reject the "broader rule." Instead, the Supreme Court merely proclaimed, as follows:
"We find that, even under this standard enunciated by Parker, the state is here liable for its employee's failure to use reasonable care in preventing harm after they had reasonable cause to anticipate it. It is therefore unnecessary for us to here decide whether, additionally, the broader rule adopted by the majority of the court of appeal should applynamely, that the state may be liable as well for its negligent failure to provide a sufficient number of guards and sufficient security arrangements and equipment to assure reasonable safety to the inmates under its total custody (who was thus deprived of lawful means to protect their own safety)."
From this statement and the ultimate holding in Breaux, we can only conclude that the Supreme Court has not extended the Parker rule. The Parker rule of "reasonable or ordinary care" is the standard which we should apply. In the instant case, the trial court did not commit manifest error in concluding that the penal authorities had no reason to anticipate that harm would come to Jones and that they used all reasonable care to prevent harm to him.
We therefore affirm the judgment of the trial court dismissing the claim of the plaintiff. The appellant is cast for all costs.
AFFIRMED.