346 So.2d 794 (1977)
Mrs. Mabel WALKER et al., Plaintiffs-Appellants,
v.
STATE of Louisiana THROUGH the DEPARTMENT OF CORRECTIONS.
No. 11257.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
John W. deGravelles, Baton Rouge, for plaintiff Mrs. Mabel Walker et ux., appellant.
Robert C. Funderburk, Jr., Staff Atty., Baton Rouge, for defendant State of Louisiana through the Department of Corrections, appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
*795 SARTAIN, Judge.
This is a suit in tort by the survivors of John Walker, an inmate at the Louisiana State Penitentiary at Angola, who was fatally wounded there on November 22, 1973.
On that date, Walker, a twenty-two year old prisoner who had been at the penitentiary for approximately four months, was stabbed to death by Samuel Robinson, another inmate, for unknown reasons. This action seeks damages from the State of Louisiana through the Department of Corrections for that death.
The facts are not at issue. Walker and his assailant were trustees in a minimum security section of the prison. At about 2:45 p. m., Walker approached the enclosure where the guards for that area are stationed. The security personnel on duty at that time were Clovis Tillery and Vincent P. Dalcour. Walker informed Tillery that he wished to leave his quarters and go to the "lockdown", a protective area, because, in his words, "he might get cut." Tillery called his superior and obtained permission for Walker to do so.
Walker then asked Tillery to walk with him to the controlled area and they proceeded to do so together. As they were walking, Robinson appeared to the rear of them, apparently after speaking to Dalcour who remained in the guard booth, and asked what was going on. Tillery said that he was taking Walker to the "lockdown". Robinson replied that "he didn't like no stuff like that"; Walker then spoke to Robinson saying "I haven't told Mr. Tillery nothing". Tillery then told Robinson to move off.
Walker and the guard then proceeded again toward the exit gate; after they had taken only a few steps, Robinson suddenly reached over or came across Tillery, who was between them, and stabbed Walker in the upper chest. When Robinson attacked, Tillery, who was unarmed, grabbed his hand in an effort to protect Walker, but was unsuccessful in preventing the knifing. He then scuffled with Robinson, who attempted to attack again, until help arrived.
Walker died from the initial stab wound a few minutes later, while enroute to a hospital.
Without rendering written reasons for judgment, the trial judge dismissed the suit. We conclude that the judgment of that court should be affirmed.
In Parker v. State, 282 So.2d 483 (1973), the Supreme Court of this state said:
"A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. St. Julian v. State, La.App., 98 So.2d 284 (1957); 60 Am.Jur.2d, Penal and Correctional Institutions, section 17, p. 821 (1972); 72 C.J.S. Prisons, section 13, p. 866; Annot., Prison-Assault by Prisoner, 41 A.L.R.3rd 1021, 1028-1029 (1972)."
This unfortunate incident involves two minimum security prisoners who have not been in any recent difficulty. In making his request that day, Walker did not identify the person he was afraid of and the two guards both testified that they had never had any trouble with Robinson. Neither of them saw a knife or other object on his person prior to the actual attack and the record reflects no other actions on his part which would indicate that Walker's life was in danger at that moment. The appellant points out that not only did Robinson have a prison record listing numerous acts of violence, but that he had previously killed an inmate, which Tillery knew. Therefore, it is argued that the two guards should have recognized an imminent attack, that the prison officials were negligent in placing Robinson in a minimum security area at all, and that the state is guilty of maintaining the prison with inadequate security forces.
The record reflects, however, that for over a year prior to this incident, Robinson had been guilty of no misconduct and *796 that the guards which were involved did not consider him dangerous and were not aware that Walker was afraid of him. It also appears that Walker showed no apparent fear as Robinson approached just prior to this incident. Therefore we find that Tillery had no reason to anticipate the conduct on the part of Robinson which followed. Similarly, we reject the contention that the prison officials were negligent in placing Robinson in a minimum security area, as he had been on good behavior for the length of time previously noted herein.
The claim that the state should respond to damages for this death because of deficiencies in the system is also rejected for the reasons expressed in Jones v. State of Louisiana, Through the Department of Institutions, No. 11,272 on the docket of this court, rendered this day, 346 So.2d 807.
The judgment of the trial court is, therefore, affirmed, the appellant to pay all costs of this appeal.
AFFIRMED.