351 So.2d 1273 (1977)
James C. WILLIAMS
v.
STATE of Louisiana, Through the DEPARTMENT OF CORRECTIONS.
No. 11521.
Court of Appeal of Louisiana, First Circuit.
October 17, 1977.
Rehearing Denied November 21, 1977.
D. Michael Mooney, Lake Charles, of counsel for plaintiff-appellant James C. Williams.
Michael C. Barron, Staff Atty., Baton Rouge, of counsel for defendant-appellee State of La. through Dept. of Corrections.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
COVINGTON, Judge:
Plaintiff, James C. Williams, an inmate of Louisiana State Penitentiary (Angola), who sustained chest injuries in a stabbing incident by Andrew Harding, a fellow inmate, appeals from the judgment of the lower court dismissing his claim for damages. We affirm.
The applicable rule of law has been stated by the Louisiana Supreme Court in the case of Parker v. State, 282 So.2d 483, 486 (La., 1973), as follows:
"A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities *1274 liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. St. Julian v. State, La.App., 98 So.2d 284 (1957); 60 Am.Jur.2d, Penal and Correctional Institutions, § 17, p. 821 (1972); 72 C.J.S. Prisons section 13, p. 866; Annot., Prison-Assault by Prisoner, 41 A.L.R.3rd 1021, 1028-1029 (1972)."
Under the Parker rule, the lower court found no negligence on the part of defendant, State of Louisiana through the Department of Corrections, or the prison employees.
We have carefully reviewed the record, and find that the evidence amply supports the lower court's finding. The record clearly establishes that the prison officials had no forewarning of any danger to the plaintiff, no one anticipated or foresaw any difficulty between the plaintiff and Harding. The officials had no reasonable cause to anticipate an attack on Williams. Prior to the stabbing incident, he had not been threatened in any way by Harding. Indeed, Williams testified that he had never had an altercation or "bad words" with Harding and that he had no reason to fear Harding.
The facts are not in serious dispute. They can be stated briefly. On the date of the stabbing, November 14, 1972, both inmates were assigned a four-dormitory unit in the Big Stripes area designated "Hickory Three." Harding and another inmate, Albert Dixon, engaged in "horseplaying and tussling," which got out of hand, so that Harding separated himself from the tussle and came over to Williams' bed in the dormitory where the plaintiff and another inmate, Hayes Williams, were talking.
The plaintiff described the incident as follows:
"And he told Hayes something and he started arguing with Hayes. Well, then he looked at me, and he told me, that you, `I been wanting to do you something.' And he went down in his boot and got a knife. When he came up with the knife, I tried to move and that's when I was hit. He knifed me over my chest, right side of my chest, punctured my lung and I went to the hospital."
The attack appears to have been sudden, unprovoked, and without warning to the plaintiff. At the time of the stabbing, the prison guard was at his proper station, a booth outside of the dormitory. The prison officials arrived promptly on the scene and stopped the altercation. Soon thereafter they removed the plaintiff to the Angola hospital and later to Earl K. Long Hospital in Baton Rouge. These facts clearly show that the penal institution measured up to its standard of "reasonable or ordinary care."
The appellant primarily argues that the proper officials did not use ordinary care in providing the plaintiff with a safe environment while incarcerated at Angola. In support of his contention, the appellant argues that the Louisiana Supreme Court in Breaux v. State, 326 So.2d 481 (La., 1976) tacitly upheld the broader view of the First Circuit of Appeal in Breaux v. State, 314 So.2d 449 (La.App. 1 Cir. 1975), by not rejecting the view expressed therein.
We had occasion to consider this same argument in our recent decision of Jones v. State of Louisiana, Through the Department of Institutions, 346 So.2d 807 (La.App. 1 Cir. 1977), and we concluded that the Supreme Court has not extended the Parker rule, and that the Parker rule of "reasonable or ordinary care" is the standard applicable to a prison-assault by another inmate, such as we have here.
We adhere to the Jones decision. We find that the penal authorities had no reason to anticipate that harm would come to Williams and that they used all reasonable or ordinary care to prevent harm to him.
Accordingly, we affirm the judgment of the lower court, dismissing the plaintiff's claim, and cast the appellant for costs.
AFFIRMED.
BLANCHE, Judge, dissenting.
I respectfully dissent.
*1275 When an inmate is incarcerated in a State penal institution, the duty of reasonable care to provide for his safety falls on the State. When one inmate stabs another with a dangerous weapon, the presumption is that the duty has been breached and the burden of proof should be on the State to exonerate itself.
I refuse to believe that the possession of a dangerous weapon by an inmate cannot be prevented by prison authorities. If I am in error in this belief, then this dissent will fall on deaf ears. However, I believe that the possession of such weapons can be prevented with proper supervision and inspection. Accordingly, it is my opinion that when such weapons are obtained by prisoners it is through the gross negligence of the State, and the burden of proof then shifts to the State to show that such possession was not through any lack of due care on its part. No such showing was here made.
St. Julian v. State, 98 So.2d 284 (La.App. 1st Cir. 1957), enunciates a rule requiring that when an inmate willfully stabs another there must be knowledge on the part of the officers in charge that such a stabbing will take place or good reason to anticipate such and that following such knowledge they negligently failed to prevent same. The inequity of this rule must be readily apparent, for it requires the State to know that a prisoner has a knife which, in the first place, he should not have, and that he intends to use it on another.
The St. Julian case cannot stand a duty-risk analysis. If the State owes a duty to prevent daggers, knives, shivs and shanks from falling into the hands of inmates and fails in that duty through lack of due care, then such failure is a cause-in-fact of the injuries which the inmate receives; and the extent of their knowledge before the injury is irrelevant because the duty owed was to protect against the very risk of harm which, in fact, occurred. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), and all of its progeny.
This writer accepts the legal principle that a jailer should not be charged with negligence in failing to prevent what he could not reasonably anticipate. Honeycutt v. Bass, 187 So. 848 (La.App. 2nd Cir. 1939). However, the application of the rule is entirely dependent on the facts of each case. One could reasonably anticipate that a prisoner in possession of a knife or other such fashioned instrument will use it on another inmate. Thus, the negligence of the State in such cases is not dependent on what its jailer knew but on whether due care was exercised in preventing inmates from coming into possession of such weapons.
I do not regard the State as having carried the burden of proving due and reasonable care for the safety of plaintiff herein and, accordingly, would hold it responsible for his injuries.