356 So.2d 452 (1977)
Edward Lee DAVIS, Plaintiff-Appellant,
v.
STATE of Louisiana, Through the DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
No. 11573.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
*453 James A. Wood, Baton Rouge, of counsel, for plaintiff-appellant Edward Lee Davis.
Patrick J. Briney, Dept. of Justice, Baton Rouge, of counsel, for defendant-appellee State of La., Through the Dept. of Corrections.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
The plaintiff, Edward Lee Davis, is presently an inmate at Louisiana State Penitentiary. While sleeping, he was stabbed by his cellmate, William Vanzant, on March 10, 1975. He alleges the negligence of the penal authorities allowed the assault to occur and that, therefore, the state should compensate him for his serious injuries. The trial court found that there was no negligence and held for the defendant. We affirm.
The first question for our determination is what test of negligence is to be applied. The rule in cases of this type has often been stated as follows:
"A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm." Parker v. State, 282 So.2d 483, 486 (La. 1973).
In the case of Breaux v. State, 314 So.2d 449 (La.App. 1st Cir. 1975) a five judge panel of this circuit, while not rejecting the test of Parker, developed a separate test for determining the liability of the state. The court held that "the State is obligated to provide facilities and environments reasonably calculated to protect such persons from the danger of armed attack by fellow inmates." Breaux, supra, at 457. When such facilities are not provided and the lack thereof causes injury to an inmate the state must respond in damages. On appeal the Supreme Court affirmed. Breaux v. State, 326 So.2d 481 (La.1976). However, the decision there was based on the Parker test; consideration of the test developed in Breaux was pretermitted.
Plaintiff urges that we should apply the broader test of Breaux in reaching our decision. Recently, however, our circuit has rejected Breaux and returned to the test of the earlier jurisprudence. Williams v. *454 State, Through Department of Corrections, 351 So.2d 1273 (La.App. 1st Cir. 1977) (our docket no. 11,521); Jones v. State, Through Department of Institutions, 346 So.2d 807 (La.App. 1st Cir. 1977) writ refused, 350 So.2d 671 (La.1977); Walker v. State, Through Department of Corrections, 346 So.2d 794 (La.App. 1st Cir. 1977) writ refused Sept. 21, 1977, 349 So.2d 879 (La.1977). We likewise reject the intermediate decision in Breaux, a decision which stands alone in the jurisprudence, and reaffirm the more recent jurisprudence of this circuit.
The facts of this case can briefly be stated. The plaintiff Davis was transferred to the maximum security area (where he was stabbed) in December of 1974. The change in custody was the result of a procedurally improper hearing before the Disciplinary Board. Davis lived in the cell with Vanzant from December until the stabbing (March 10, 1975) with no apparent friction shown between them. Davis requested on several occasions to be moved from his cell with Vanzant. He gave as his reason that there was "bad blood" between them and that he would prefer to have a different cellmate. He wished to be with a friend of his rather than with a stranger with whom he did not see eye to eye.
In his oral reasons for judgment, the trial judge stated: (R. 38)
"The facts surrounding the stabbing, itself, are not really at issue and all of the witnesses and plaintiff, including his four witnesses, have told approximately the same version of the incident. The State hasn't rebutted that or contradicted that version of the accident. Apparently, the stabbing incident took place in the early hours of the morning. Vanzant and Davis had gambled earlier that day and apparently plaintiff had won most of Vanzant's belongings and had actually given one pair of socks that he had won to another inmate who was confined in a nearby cell.
"Plaintiff did testify that he didn't feel that gambling was the motive for his stabbing. I don't know if it was or not. I know it definitely leaves this Court with the impression that Davis wasn't the least bit afraid of Vanzant. He had won all, or practically all, of his clothes. In fact, Davis has admitted that he wasn't afraid of Vanzant. He wanted to be transferred to another cell, because he didn't think he should have been there to begin with and that he and Vanzant just didn't gee-haw together. They were from different parts of the State and they didn't have anything in common and he just felt uncomfortable around him but not because he was afraid of him. Very honestly and candidly he said that. He never told the security officers that he was afraid of Vanzant, he just said that there was bad blood between them and that he would prefer to move somewhere else."
Plaintiff first alleges that because the hearing which resulted in his being placed in the maximum security area was conducted improperly, the state is liable for his injuries. No authority is cited for this novel proposition and we do not believe it can be supported. In any event, plaintiff has failed to introduce evidence that a properly conducted hearing would not have resulted in the same decision of the Board. Plaintiff has the burden of showing that the defendant's action was a cause-in-fact of his harm. Here plaintiff has failed to show that the fact that the hearing was conducted improperly caused him any damage.
The next argument of Davis is that the trial judge was incorrect in finding that the penal authorities did not know or have reason to know that harm would ensue to plaintiff and that therefore the Parker test was not met. We, however, find that the trial judge was correct in his determinations. Davis never indicated to the correctional officers that he believed that Vanzant intended to cause him harm. There had been no previous altercations, either verbal or physical, between the cellmates. The correctional officers could reasonably have interpreted Davis' request to be merely based on a desire to be with friends. They certainly were under no duty to grant *455 such a request. We find, in accord with the trial judge, that the standard of care of the state in cases of this kind was not here breached.
For these reasons, the judgment of the District Court is affirmed at appellant's cost.
AFFIRMED.
LANDRY, J., concurs in part and dissents in part.
LANDRY, Judge, concurring in part and dissenting in part.
I concur in that portion of the decision which exonerates the State from liability in this instance. Under the rule in either Parker v. State, 282 So.2d 483 (La.1973), or Breaux v. State, 314 So.2d 449 (La.App. 1st Cir. 1975), affirmed Breaux v. State, 326 So.2d 481 (La.1976), I find no basis for holding the State liable herein.
I respectfully dissent, however, from the majority rejection of the Breaux holding to the effect that a penal institution is obligated to provide facilities and environmental conditions reasonably calculated to protect inmates from the danger of armed attack by fellow inmates. The rule advocated in Breaux has not been set aside by our Supreme Court. For the reasons stated in Breaux, I adhere to the rule therein expressed.