PONDER, Judge.
Plaintiff, an Angola inmate, has appealed a judgment dismissing his claim for damages for injuries resulting from an attack by a fellow inmate.
The issue is the negligence of the State in having inadequate facilities and insufficient personnel and in not preventing the attack upon plaintiff.
We affirm.
Plaintiff prior to his transfer to Angola had testified in Federal Court about prison conditions in Jefferson Parish. Thereafter he had been assaulted by two co-prisoners. While plaintiff was serving food in an Angola mess line, a fellow inmate, Clyde Fox, attempted to get more food than allowed and plaintiff refused. However, when the guard left, he told Fox that the latter could have more. The same day Fox armed himself with a two-and-one-half to three foot pipe. Late that afternoon, Fox ran down the stairs of the dormitory, struck plaintiff with the pipe, causing him to fall the remainder of the way, and continued to strike him, with resulting serious injuries.
The argument that the State was negligent because of inadequate facilities and insufficient personnel to protect plaintiff is based on the holding of the Court in Breaux v. State, 314 So.2d 449 (1st Cir., 1975). However, the Supreme Court in Breaux v. State, La., 326 So.2d 481 (1976), refused to accept the broader rule. See also, Jones v. State, Through the Department of Institutions, 346 So.2d 807 (1st Cir., 1977), writ refused, La., 350 So.2d 671 (1977).
The applicable rule of law in Parker v. State, La., 282 So.2d 483 (1973), was reaffirmed by the Supreme Court in Breaux:
“A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. St. Julian v. State, La.App., 98 So.2d 284 (1957); 60 Am.Jur.2d, Penal and Correctional Institutions, § 17, p. 821 (1972); 72 C.J.S. Prisons § 13, p. 866; Annot., Prison-Assault by Prisoner, 41 A.L.R.3rd 1021, 1028-1029 (1972).”
Plaintiff contends that the penal authorities had at least constructive notice of the plaintiff’s danger and failed to place him in protective custody, and that the guards were negligent in not discovering the weapon on the assailant.
Plaintiff’s point that he was in danger is based upon the Jefferson Parish incident. However, there is no proof of any connection between that incident and this attack, except some vague testimony of two prisoners from Jefferson Parish being in the camp with plaintiff. The evidence shows that Camp H was considered among the safest places at Angola, and that plaintiff, himself, was unaware of any possible repercussion from the Jefferson Parish incident. Thus, there is sufficient evidence in the record to support the trial court’s opinion and we should not substitute our own, Billiot v. Bourg, La., 338 So.2d 1148 (1976).
Plaintiff asserts that the prison guards should have known of the incident in the mess hall and should have discovered that the assailant had armed himself. However, the evidence shows that Fox actually got his extra portion of food and that plaintiff did not report the incident to anyone. There is some discrepancy in regard to the pipe being seen. One witness testified that while outside the dormitory most of the afternoon, he noticed no pipe in the attacker’s possession. Another said he saw it only immediately before the attack. . There was no manifest error in the trial court’s findings. Billiot, supra.
*360 Plaintiff also relies on LSA-R.S. 15:851[1] to argue that the penal authorities were negligent in placing plaintiff in the camp where he was injured. The statute’s protection was meant for young, short-term, first offenders. We agree with the trial judge’s holding that this 30 year old first offender sentenced to ten years in prison for manslaughter does not meet the requisites of the statute.
Plaintiff has failed to prove that he was subjected to cruel and unusual punishment.
The judgment appealed from is affirmed at plaintiff’s cost.
AFFIRMED.

. LSA-R.S. 15:851
“All persons sentenced to the penitentiary shall be confined in the state penitentiary at Angola on state farms, quarter boats or other suitable quarters. All young short-term prisoners who are first offenders shall be at all times segregated from the older prisoners who are second offenders, and shall at all times be confined in separate camps, farms, quarter boats, or other quarters.”