361 So.2d 257 (1978)
Eugene HAMPTON
v.
STATE of Louisiana, Through DEPARTMENT OF CORRECTIONS.
No. 12056.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
*258 Gregory M. Eaton, Baton Rouge, of counsel, for plaintiff-appellant Eugene Hampton.
Walter L. Comeaux, Baton Rouge, of counsel, for plaintiff-appellant Eugene Hampton.
Annette R. Seng, Baton Rouge, Pat J. Briney, Baton Rouge, of counsel for defendant-appellee State of Louisiana, through Dept. of Corrections.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is a suit for damages for personal injuries brought by Eugene Hampton, an inmate at Louisiana State Penitentiary at Angola, against the State of Louisiana and the State of Louisiana, through the Department of Corrections. After trial on the merits, judgment was signed dismissing plaintiff's suit, and he has appealed.
On March 13,1975, plaintiff was incarcerated in Cell Block A Lockdown at Angola. Cell Block A Lockdown is a maximum security area, in which the inmates remain in their cells at all times, except for one hour each day when they are let out for showers and exercise. There are normally two inmates in each cell. The shower and exercise hours are so arranged that only one cell is let out at any one time in each Block.
At about 12:15 a. m., plaintiff was alone in his cell, asleep. His previous cellmate, Joe Ferrell, was in the hospital. Bertrand Brown, an inmate on Cell Block A, who was out for his shower, threw acid or some other foreign substance on plaintiff, causing the injuries complained of herein. It is apparent that Brown thought he was throwing the mixture on Ferrell, since he was surprised that Ferrell was not in the cell, and apologized to plaintiff for burning him. There was no evidence of there having been any trouble between plaintiff and Bertrand Brown.
Plaintiff testified that he had received two "death threat" notes, and that he had twice written to the Director of the Department of Corrections relative thereto. One of the "death threat" notes appears to be written by plaintiff's own hand, and he could not produce the other. Neither was he able to name any person whom he feared.
In an amendment to the pre-trial order, the following stipulation appears:
"The plumber's acid in question in this case was distributed to inmates by Angola Officials for the purpose of cleaning commodes. Only a quarter of a cup of cleaner was distributed at any one time and inspections were made to determine if the commodes had been cleaned."
At the opening of the trial, counsel for the State advised the Court that further investigation had revealed that the facts in the stipulation were not true, and that the State wished to withdraw therefrom. Counsel for plaintiff objected on the ground that it was too late to withdraw, and that he was not prepared to prove the facts set forth in the stipulation, since they had been admitted by the State. Subsequently, over plaintiff's objection, the State put on evidence which contradicted the stipulation by *259 showing that no acid had, in fact, been distributed to the inmates incarcerated in Cell Block A Lockdown.
The testimony in the record reveals that none of the guard personnel believed plaintiff to be in danger, and that no special precautions were taken to protect him. We further note that plaintiff was in constant disciplinary difficulties.
The trial judge found no negligence on the part of the State, and also expressed the opinion that if the State were negligent in the way in which it handled the acid, that negligence was not a proximate cause of the injury to plaintiff.
We agree that there was no negligence in the manner in which the State protected plaintiff. We do not find any substantial evidence to support plaintiff's claim that his life was in danger, and concur with the trial judge's finding that plaintiff was not the intended target of the acid.
However, we are of the opinion that if the State, in fact, distributed acid to the inmates without supervising them closely in the use thereof, that it was guilty of negligence. The stipulation hereinabove referred to, coupled with the fact that this incident occurred, necessarily lead to that conclusion.
The State entered into the stipulation in good faith after interviewing a number of guards who were on duty at night. Subsequent investigation, by interviewing the daytime guards who actually handled the acid, disclosed information contrary to the stipulation. At the trial, testimony which contradicted the stipulation, was introduced over plaintiff's objection.
Article 2291 of the Civil Code provides that a judicial confession, such as this stipulation can not be revoked "unless it be proved to have been made through an error in fact."
Since it appears from the record that the stipulation may have been made by the State as the result of an error in fact, and since plaintiff, relying on the stipulation, made no attempt to prove the manner in which the acid was distributed, we are of the opinion that justice will best be served by remanding the case to the trial court so that evidence on the subject can be tendered by both parties. After hearing the evidence, the trial judge can then determine if the stipulation was made by the State through an error in fact, and, if so, can permit the State to withdraw therefrom, and make a finding as to whether the State was negligent in its handling of acid.
The judgment appealed from is therefore reversed, and the case remanded to the trial court for further proceedings in accordance with the expressions contained in this opinion, and in accordance with law. The parties shall share equally the costs of this appeal, with all other costs to await final determination on the merits.
REVERSED AND REMANDED.