376 So.2d 980 (1979)
Eugene HAMPTON
v.
STATE of Louisiana et al.
No. 12801.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Writ Refused November 30, 1979.
*981 Gregory Eaton, Baton Rouge, of counsel for plaintiff-appellant Eugene Hampton.
Annette Seng, Baton Rouge, of counsel for defendant-appellee State of Louisiana et al.
Before LANDRY, EDWARDS and LEAR, JJ.
LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing his action against the State of Louisiana and the State of Louisiana Through the Department of Corrections (Defendants) for damages for personal injuries received when a fellow inmate of Angola State Penitentiary threw a caustic substance on plaintiff while both men were incarcerated in Cell Block A, a maximum security facility. We affirm.
Appellant alleges that Defendants were negligent in the distribution of plumber's acid intended for the cleaning of commodes in the various cells of Cell Block A. Specifically, it is contended that the acid was dispensed without adequate supervision to insure its being utilized for cleaning commodes, thus allowing inmates an opportunity to collect a supply of the harmful substance which was thrown on Appellant.
The matter is presently before us after remand to the trial court on a procedural matter involving a stipulation entered into during the original trial. The stipulation states:
"The plumber's acid in question in this case was distributed to inmates by Angola Officials for the purpose of cleaning commodes. Only a quarter of a cup of cleaner per cell was distributed at any one time and inspections were made to determine if the commodes had been cleaned."
On original trial, Defendants introduced testimony in conflict with the aforesaid stipulation. The testimony tended to show that acid was not actually distributed to inmates and, on this basis, Defendants requested permission of the trial court to *982 withdraw from the stipulation. Appellant objected on the ground that the stipulation amounted to a judicial confession which needs no proof and that Appellant was not prepared to establish the facts contained in the stipulation. The trial court overruled Appellant's objection, admitted the testimony and, after trial on the merits, dismissed Appellant's action.
On appeal to this court, Hampton v. State, Through Department of Corrections, 361 So.2d 257 (La.App. 1st Cir. 1978), we reversed the trial court's ruling on the stipulation on the ground that the stipulation was a judicial confession, within the purview of La.C.C. Article 2291, and could not be revoked "unless it be proved to have been made through an error in fact." We remanded the matter to the trial court to allow both parties to introduce evidence on the issue of factual error concerning the stipulation, if any. We also held that if Defendants' employees actually distributed the acid to inmates without close supervision over the ultimate use thereof, Defendants were negligent.
In our original opinion we found that:
"[t]he State entered into the stipulation in good faith after interviewing a number of guards who were on duty at night. Subsequent investigation, by interviewing the daytime guards who actually handled the acid, disclosed information contrary to the stipulation. . . ."
The issue now before us is whether, at trial on remand, Defendants have successfully borne the burden of proving that the stipulation was entered into through an error in fact. The trial court found that it was made in error of fact and allowed Defendants to withdraw therefrom.
To prove the alleged error, Defendants introduced the testimony of four witnesses, namely: (1) Hilton Butler, Associate Warden at the time of the incident in March, 1975; (2) Clarence Webb, Correction Officer, who was assigned to Appellant's cell block at the time of the incident; (3) Barth Girod, Correction Officer, assigned to Cell Block B adjacent to Appellant's cell block; and (4) Annette Seng, Defendants' counsel.
During discovery, Mr. Butler, on behalf of Defendants, answered interrogatories propounded by Appellant. The answers embodied the substance of the disputed stipulation. Butler stated that while he signed the answers, the information recited was given him by subordinates and subsequently found to be inaccurate. The answer in question stated in general terms that acid "was issued to the cells." Butler explained that an officer saw to it that the acid was not simply distributed to inmates to be used at a later time. Butler conceded, however, that he had no personal knowledge as to precisely how the acid was distributed just before the incident at issue, but that he knew the method which should have been utilized.
Clarence Webb described the procedure in effect regarding the dispensation of cleaning fluid at the time in question. He stated it was a two-man operation in which one officer placed the acid in each commode, let it stand for a brief period, and then flushed the toilet. The accompanying officer guarded the cell door. He added that the acid was kept in a locked storeroom to which only higher ranking officers had a key. He emphasized that he was specifically instructed to make sure the acid was flushed down the commodes and that he knew of no instance in which an inmate handled the acid.
Barth Girod's testimony corroborated that of Webb regarding instructions given concerning the procedure for dispensing the cleansing agent.
Annette Seng, counsel for Defendants, who entered into the controversial stipulation, testified that she relied upon statements received from administrative personnel rather than from guards who actually distributed the acid. She noted that it was not until approximately three days before trial that she learned the true circumstances and became aware of the incorrectness of the facts recited in the stipulation.
Appellant neither attacked the credibility of the aforesaid witnesses nor offered rebuttal testimony. The trial court obviously *983 accepted this testimony at its face value and concluded the stipulation was entered into in error. Our independent review of the record leads to the same conclusion.
Appellant also contends that the trial court acted improperly in considering the evidence adduced by Defendants on the issue of error as to Defendants' stipulation as being dispositive of the question of Defendants' alleged negligence. We find this position well taken.
The testimony offered by the State was not offered to prove its lack of negligence but solely to establish its contention that the stipulation was entered into in factual error. After concluding that the stipulation was indeed entered into through error, the trial court should have given Appellant a continuance to prepare the presentation of his case on the merits of Defendants' alleged negligence, inasmuch as Appellant could no longer rely upon the stipulation. Under the circumstances, Appellant could not have been expected to anticipate the court's ruling on the stipulation. We deem it elementary that Appellant must be afforded a fair opportunity to present whatever evidence he can, especially since the testimony produced by the State on the question of error as to the stipulation, indicates that certain employees of the State, who were not called by the State when the matter was on remand, have information concerning the manner in which the acid was distributed.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED: (1) that the judgment of the trial court finding the stipulation was made in error of fact and allowing Defendant to withdraw therefrom is affirmed; (2) the judgment of the trial court dismissing Plaintiff's suit is reversed; and (3) this matter is remanded to the trial court with instructions to proceed to the trial of this case on the merits. Defendants are cast for all costs of this appeal which may be assessed against Defendants pursuant to law.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.