782 F.2d 1291
 30 Ed. Law Rep. 31
 Joseph M. MOHLER, Marie Schnoewitz, Pat Torjusen, Larry
Strohn, Florence Stafford, Clayton Winters, Kevin Byrd and
Karl Friedrich, for and on Behalf of themselves and all
others similarly situated within the State of Mississippi,
Plaintiffs-Appellants,
v.
The STATE OF MISSISSIPPI, William Allain, Individually and
as Governor of the State of Mississippi, etc., et
al., Defendants-Appellees.
 No. 85-4480
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 18, 1986.
 Oscar B. Ladner, Gulfport, Miss., for plaintiffs-appellants.
 Edwin L. Pittman, Atty. Gen., Ed Davis Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mississippi teachers brought this suit complaining that state officials failed to execute Mississippi's Education Reform Act of 1982 (hereinafter, the "Act"). The state legislature had announced, through Miss.Code Ann. Sec. 37-1-2(p) (1985 cum.supp.), "[t]hat the teachers of this state, to the extent possible, receive salaries received by teachers in the Southeastern United States." In demonstrating this commitment, the legislature emphasized, through Sec. 8, Ch. 10, Laws of 1984, 1st Ex. Session, that it "hereby reaffirms its commitment to fully and timely fund the provisions of the ... [Act]." Miss.Code Ann. Sec. 37-1-2 (editor's note).
 
 
 2
 Nevertheless, the salary increase failed to materialize and the teachers went on strike in February 1985. Two state court injunctions, now expired, were issued against the strike. Several of the state's top executive officers, in addition to the state court judge who issued the injunctions, were named as defendants in the instant action, which was brought under 42 U.S.C. Sec. 1983. The teachers complained that the executive officers failed to execute Mississippi's "pay-raise" statute.
 
 
 3
 In their prayer for relief, the teachers asked the district court to "requir[e] the State of Mississippi to ... increas[e] [the teachers'] pay scale in the amount of ... $3500.00 [for the years 1985 and 1986]." The appellants also sought class certification, an injunction against the state judge who issued the injunctions against them, dissolution of the state court's injunctions, and other relief. In an amendment to the complaint, appellants alleged that the newly-added defendant state treasurer had received certain revenues earmarked for appellants' salaries but had failed to disburse them to the teachers.
 
 
 4
 The original complaint and the amendment fail completely to comply with the "short and plain statement" requirement of Fed.R.Civ.P. 8(a). They both constitute what can best be called an overt political petition directed toward Mississippi public officials and the legislature. The allegations appear to be that: (1) the state statutory provisions created a property right vesting in the teachers, and (2) "they have been denied their property right under the protection of 42 USCA, Section 1983." Elsewhere in the pleadings are appellants' allusions to possible "equal protection," and "privileges and immunities" claims, as well as complaints of appellants' demotion to "second rate citizens of this state." But again these allegations fall far short of the "short and plain statement" requirement.
 
 
 5
 Appellees' motion to strike those portions of the complaint which failed to conform to Rule 8(a) was never addressed, but upon appellees' Fed.R.Civ.P. 12(b) motion the district court dismissed the action on sovereign immunity grounds under the Eleventh Amendment. The appeal is timely.
 
 
 6
 Appellants have failed to allege clearly the necessary elements to state "equal protection" and "privileges and immunities" claims. The complaint at best contains unformed ideas about such claims. They totally lack the requisite specificity. Regarding appellants' claim for their purported pay raises, a minimal perusal of the case law would have informed appellants' attorney that this entire action is barred by the Eleventh Amendment. As this Court stated in Papasan v. United States, 756 F.2d 1087 (5th Cir.1985),
 
 
 7
 [t]he Eleventh Amendment is a jurisdictional bar to federal court suit by private citizens against a state.... In the absence of express consent, the Eleventh Amendment proscribes suits in federal court against the state and its agencies, regardless of the type of relief sought.... The district court thus correctly dismissed the complaint insofar as it sought relief directly from the State.
 
 
 8
 Id. at 1092-93 (citations and footnote omitted).
 
 
 9
 The instant action is both in form and in substance a suit against the state. It seeks equitable relief requiring the state to pay money from its treasury to its teachers. Even the treasurer of the state was named as a defendant to be subjected to such an injunction. In that regard,
 
 
 10
 the Eleventh Amendment disables a federal court from awarding retroactive "monetary relief from the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution...."
 
 
 11
 Id. (citations omitted; emphasis in original).
 
 
 12
 The immunity extends to suits against a state by all private citizens, including a state's own citizens. Chiz's Motel and Restaurant, Inc. v. Mississippi State Tax Comm'n, 750 F.2d 1305, 1307 (5th Cir.1985). Both the Chiz's Motel and Papasan Courts emphasized that Eleventh Amendment immunity applies where, as here, state officers "are nominal defendants and the state is 'the real substantial party in interest,' ... when the relief sought would operate against the sovereign by expending itself on state coffers." Papasan, 756 F.2d at 1093.
 
 
 13
 Chiz's Motel recognized certain exceptions to the Eleventh Amendment bar: (1) where a federally created right is at issue, (2) the state has consented to suit in federal court, or (3) where the state, by its actions, has waived its immunity. 750 F.2d at 1307. None of these exceptions apply here. However realistic or lofty are the aims of the Miss.Code Ann. Sec. 37-1-2, it has not and cannot be interpreted as creating a constitutionally protected property interest vesting in Mississippi teachers. It may be argued that through this statute and other enactments the state has announced its intention to pay appellants more money, but appellants have pointed to no contract or other valid action by which there has been created a property interest now threatened by state action and thus falling under the protection of the Fourteenth Amendment's due process clause.
 
 
 14
 Nor have the appellants pointed to a valid statutory enactment or to official action by the state constituting consent to suit in federal court or waiver of its immunity. See also McKay v. Boyd Construction Co., Inc., 769 F.2d 1084, 1086 (5th Cir.1985). Therefore, no exception to the Eleventh Amendment bar applies in this case.
 
 
 15
 The appellants also appear to demand prospective relief (pay raise for both 1985 and 1986). But no constitutional claims have been stated. The complaint instead is obviously based upon state law, and the alleged failure of Mississippi officials to carry out the dictates of state law. When only state law is involved, "the eleventh amendment immunity jurisdictional bar applies to state agencies and officials acting in their official capacity regardless of the relief the plaintiff[s] seek[ ]." Chiz's Motel, 750 F.2d at 1307 (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984)) (emphasis added).
 
 
 16
 As to the relief sought against the state judge who issued restraining orders against the appellants, we must note that the challenged orders by their terms expired the day before this action was filed. Mootness is obvious, and this particular claim is frivolous. Krempp v. Dobbs, 715 F.2d 1319 (5th Cir.1985).
 
 
 17
 Finally, as to the claim against the judge, appellants maintain on appeal that the only relief they seek "is ... against the State of Mississippi, as well as all the named Defendants ... and that the individually named Defendants not violate any of the [appellants' constitutional rights] ... by failing and refusing to enforce the provisions of the Educational Reform Act." (Emphasis added). Since it is not alleged that the defendant judge is charged with the responsibility of enforcing the pay-raise statute, appellants at this time do not even advance their state law claim against him. The complaint at best only speculated that further state injunctions might issue against the appellants. Even assuming that such speculation were valid, appellants failed to allege that the state judge was enforcing an unconstitutional state statute or otherwise engaging in unlawful conduct which violated their constitutional rights, as opposed to their "state law rights" and their collective goal of enforcing their pay raise. We emphasize that "review [of the state judge's orders] may not be secured by the filing of a federal civil rights suit. Federal courts do not sit as appellate courts to review state court judgments." Krempp v. Dobbs, 715 F.2d at 1321.
 
 
 18
 All of the contentions raised in appellants' brief are as meritless as the complaint itself. Whether the state has already allocated funds for disbursement to the teachers does not change the fact that the relief sought would entail a judgment impacting on the state's treasury. The argument that the Mississippi legislature, by enacting Sec. 37-1-2, thus has already consented to a monetary award against the state is wholly unsupported by legal authority or recognized principles. Were this theory accepted as valid, every state enactment containing legislative goals and purposes could be construed as an Eleventh Amendment waiver.
 
 
 19
 Finally, the exception to Eleventh Amendment immunity embodied in Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), is not applicable here, because appellants do not seek to enjoin a state official from enforcing an unconstitutional statute. Rather, they seek to compel state officials to enforce state law, which appellants obviously otherwise interpret as constitutional and under which they claim expected benefits--not even recognizable property rights. Thus, there is alleged no "unconstitutional conduct [by state officials] constitut[ing] state action under the Fourteenth Amendment but not the Eleventh Amendment." Pennhurst, 104 S.Ct. at 910.
 
 
 20
 Since there is no property right endangered by official state action, we must conclude that no federal court jurisdiction is established to vindicate federal rights by finding that certain state officials are responsible to "the supreme authority of the United States." Ex Parte Young, 209 U.S. at 160, 28 S.Ct. at 454. Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when ... a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst, 104 S.Ct. at 911. Yet that is exactly what appellants ask this Court to do in this case.
 
 
 21
 We find appellants' suit barred by sovereign immunity under the Eleventh Amendment. The decision of the district court is
 
 
 22
 AFFIRMED.