902 F.2d 376
 Ricky HUGHES, Plaintiff-Appellee,
v.
Sgt. Mr. C. SAVELL, Defendant-Appellant.
 No. 89-3140.
 United States Court of Appeals,
Fifth Circuit.
 June 4, 1990.
 
 Joseph Erwin Kopsa, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendant-appellant.
 Richard W. Sroges, New Orleans, Susan A. Kruse, Baton Rouge, for plaintiff-appellee.
 Ricky Hughes, Angola, pro se.
 Appeal from the United States District Court for the Middle District of Louisiana.
 Before BROWN, WILLIAMS and JONES, Circuit Judges:
 EDITH H. JONES, Circuit Judge:
 
 
 1
 Sergeant Craig Savell, a security officer at the Louisiana State Penitentiary, appeals from a jury verdict under Louisiana law which awarded $1750 to prisoner Ricky Hughes, after the jury concluded that Savell negligently failed to protect Hughes from an attack by another inmate. On appeal, Savell contends that the Eleventh Amendment to the United States Constitution prevents the federal courts from addressing the state-law claim since this claim directly implicates Louisiana, which is immune from suit in the federal courts. We agree with Savell's assessment.[1] Accordingly, we reverse the judgment for damages and remand to the district court with instructions to dismiss the state law claim for lack of jurisdiction.
 
 I.
 BACKGROUND
 
 2
 As a security officer for the Louisiana State Penitentiary ("LSP"), Sergeant Craig Savell worked the 6:00 pm to 6:00 am shift as the only dormitory guard for Camp D, Falcon Side in dormitory 2. Since Savell was unarmed, he was instructed to use his electronic beeper and the telephone to alert other security officers if trouble broke out during his shift.
 
 
 3
 On March 6, 1985 at approximately 10:30 pm, inmate Gerald Watson attacked inmate Ricky Hughes with a razor blade in the dormitory's sleeping area, cutting Hughes's face. Conflicting evidence indicates that Hughes had anticipated the attack. Sergeant Savell noticed the struggle and pressed his beeper to alert the control center that he needed assistance. Savell then ordered the inmates to stop fighting. When the inmates refused, Savell entreated other prisoners to assist him. Eventually, Savell moved from behind his security post and interposed himself between the two prisoners.
 
 
 4
 Unaware that Watson was armed, Savell wrestled Hughes to the ground and restrained him with the help of another prisoner. While Savell held Hughes down, Watson reached over Savell and cut Hughes twice on the back. At this point, several other security officers entered the dormitory and restrained Watson.
 
 
 5
 As a result of this incident, Hughes sued Sgt. Savell and Frank Blackburn, the warden of LSP, for constitutional violations under 42 U.S.C. Sec. 1983. Hughes also raised pendent state claims for negligence against both defendants. The district court granted summary judgment in favor of Blackburn on the grounds that Hughes failed to state a claim against him. At trial, the jury rejected the constitutional claim against Savell, but it awarded damages on the negligence cause of action. Savell has appealed.
 
 II.
 DISCUSSION
 
 6
 The Eleventh Amendment bars suits in federal court by a citizen of a state against his own state or against a state agency or department. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 555 (5th Cir.1988); Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th Cir.1986). The amendment also prohibits suits against state officials when "the state is the real, substantial party in interest." Ford Motor Company v. Department of Treasury of Indiana, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). See Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985); Brandon v. Holt, 469 U.S. 464, 471, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). The state is the real party in interest if the decision rendered in a case would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or to refrain from acting. Pennhurst, 465 U.S. at 101, 104 S.Ct. at 908; Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); Voisin's Oyster House, 799 F.2d at 188.
 
 
 7
 According to this reasoning, a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State. Pennhurst, 465 U.S. at 121, 104 S.Ct. at 919; Neuwirth, 845 F.2d at 556; Livingston Louisiana School Board v. Louisiana State Board of Education, 830 F.2d 563, 569 n. 13 (5th Cir.1987), cert. denied 487 U.S. 1223, 108 S.Ct. 2884, 101 L.Ed.2d 918 (1988). The Supreme Court delineated this position in Pennhurst:
 
 
 8
 A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.
 
 
 9
 465 U.S. at 106, 104 S.Ct. at 911. See Lelsz v. Kavanagh, 807 F.2d 1243, 1253 (5th Cir.1987).
 
 
 10
 When interpreting Pennhurst, the Fifth Circuit has construed the term "state law" to include both statutory enactments and state common law. Bush v. Viterna, 795 F.2d 1203, 1207 (5th Cir.1986) (state prison regulations); Mohler v. State of Mississippi, 782 F.2d 1291, 1293 (5th Cir.1986) (state education act); Sims v. Jefferson Downs Racing Association, 778 F.2d 1068, 1074 (5th Cir.1985) (state racing statute); Kitchens v. Texas Department of Human Resources, 747 F.2d 985, 986 (5th Cir.1984) (common-law contracts action). The Pennhurst rationale applies with particular force in common-law cases, because the State possesses a paramount interest in overseeing the nature and extent of the common-law liability imposed by its courts, and in defining the immunity available to its officials. Martinez v. California, 444 U.S. 277, 282, 100 S.Ct. 553, 557, 62 L.Ed.2d 481 (1980); Ferri v. Ackerman, 444 U.S. 193, 198, 100 S.Ct. 402, 406, 62 L.Ed.2d 355 (1980); Ford Motor Company, 323 U.S. at 462, 65 S.Ct. at 350 (Indiana may define suit to permit action only against the state). Thus, where litigants accuse state officers of violating state common law when acting in the course and scope of their employment, the Eleventh Amendment prevents the litigant from raising the claim in federal court whether the litigant seeks damages or injunctive relief,[2] Pennhurst, 465 U.S. at 101-02, 104 S.Ct. at 909; Chiz's Motel v. Mississippi State Tax Commission, 750 F.2d 1305, 1307 (5th Cir.1985); and whether the litigant invokes the court's original or pendent jurisdiction. Oneida County, N.Y. v. Oneida Indian Nation of New York State, 470 U.S. 226, 250-51, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985); Pennhurst, 465 U.S. at 117-21, 104 S.Ct. at 917-19; Iron Workers Pension Fund v. Terotechnology, 891 F.2d 548, 551 (5th Cir.1990); Bush, 795 F.2d at 1207.
 
 
 11
 Hughes's pendent negligence claim against Sgt. Savell arises under the Louisiana Code. See La.Civ.Code Ann. arts. 2315-2317 (West 1979). Nevertheless, Hughes contends that he sued Sgt. Savell in his personal rather than in his official capacity for Savell's negligent failure to protect Hughes from an attack by another inmate. Hughes accordingly argues that the Eleventh Amendment does not bar his pendent claim.
 
 
 12
 Louisiana law places the onus on the state to protect one prisoner from attacks by another prisoner. As the Louisiana Supreme Court explained in Breaux v. State, 326 So.2d 481, 482, 484 (La.1976):
 
 
 13
 [T]he state is ... liable for its [prison] employee's (sic) failure to use reasonable care in preventing harm after they had reasonable cause to anticipate it....
 
 
 14
 Further, though [the prison guards'] conduct constitutes legal fault for which the State as their employer is responsible, the blame is not so much personal as due to the undermanned and harassed conditions in which these employees must perform their most important duties. (emphasis added )
 
 
 15
 Although the state does not insure inmates against personal attacks, the state is responsible when its employees fail to use reasonable care to protect inmates from injuries inflicted by other prisoners which the authorities know or have reason to anticipate will occur.[3] We have found no Louisiana case which holds a prison guard individually liable for such an attack. Those cases which do consider the responsibility of individual state prison employees routinely impute the employee's negligence to the state for purposes of assigning liability.[4]
 
 
 16
 Notwithstanding his contention on brief to this court, Hughes's complaint does not specify the capacity in which he sued Sgt. Savell. However, at the time of the attack, Savell was serving in his official capacity as the only dormitory guard on duty in Hughes's cell block. Under these circumstances, Louisiana tort law places the duty to safeguard Hughes on the State of Louisiana and designates Savell as Louisiana's agent. In order for Hughes to plead a cause of action for Savell's negligence, Hughes must sue Sgt. Savell as an agent of the state. Pennhurst bars such a suit in federal court since the action seeks recovery from the state based on the violation of state common law by the state's agent.[5] For these reasons, we remand this case to the district court with instructions to dismiss the state law claims for lack of jurisdiction under the Eleventh Amendment.
 
 
 17
 REMANDED with instruction to dismiss.
 
 
 
 [1]
 Because we have determined that the district court did not have jurisdiction to address the state-law claim, we offer no opinion regarding Savell's tenth amendment contention, or the remaining issues raised
 
 
 [2]
 The exception to the Eleventh Amendment created by the Supreme Court in Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which permits suits for prospective relief against state officials, applies only to violations of federal or Constitutional law by those officials. Pennhurst, 465 U.S. at 102, 104 S.Ct. at 909. Since this appeal involves only alleged violations of state law, it does not implicate the Young fiction
 
 
 [3]
 See Parker v. State, 282 So.2d 483, 486-87 (La.1973); Anderson v. Phelps, 451 So.2d 1284, 1285 (La.App.1984); McGee v. State, 417 So.2d 416, 418 (La.App.), writ denied, 420 So.2d 981 (1982); Neathery v. State, 395 So.2d 407, 410 (La.App.1981); Shields v. State Through Dept. of Corrections, 380 So.2d 123 (La.App.1979), writ denied 382 So.2d 164; Craft v. State, 308 So.2d 290, 295 (La.App.), writ denied 319 So.2d 441, cert. denied 423 U.S. 1075, 96 S.Ct. 859, 47 L.Ed.2d 84 (1975); Lewis v. Listi, 377 So.2d 551, 553 (La.App.1979); Bastida v. State, 269 So.2d 544, 545 (La.App.1972); Adams v. State, 247 So.2d 149, 151 (La.App.1971); St. Julian v. State, 98 So.2d 284 (La.App.1957)
 
 
 [4]
 Nedd v. State, 281 So.2d 131, 132 (La.1973), cert. denied 415 U.S. 957, 94 S.Ct. 1484, 39 L.Ed.2d 572 (1974); Mack v. State, 529 So.2d 446, 448 (La.App.), writ denied 533 So.2d 359 (1988); Walden v. State, 430 So.2d 1224 (La.App.), writ denied 435 So.2d 430 (1983); White v. Phelps, 387 So.2d 1188, 1190-91 (La.App.1980); Hampton v. State, 361 So.2d 257, 258 (La.App.1978); Davis v. State, 356 So.2d 452, 454 (La.App.1977); Betsch v. State, 353 So.2d 358, 359 (La.App.1977), writ refused 354 So.2d 1380 (1978); Williams v. State, 351 So.2d 1273, 1273-74 (La.App.1977); Jones v. State, 346 So.2d 807, 808 (La.App.), writ refused 350 So.2d 671 (1977); Walker v. State, 346 So.2d 794, 796 (La.App.), writ denied 349 So.2d 879 (1977); Raney v. State, 322 So.2d 890, 892 (La.App.1975)
 
 
 [5]
 Since we have concluded that Louisiana does not recognize an individual negligence action against Sgt. Savell, we need not determine whether Louisiana would indemnify Savell for damages awarded against him as a result of actions taken in the line of duty. La.Rev.Stat.Ann. Sec. 13:5108.2 B (West Supp.1986). Where Louisiana's statutes do require such indemnification, this circuit has already held that a judgment implicating this statute "is really a suit against the state", barred by the Eleventh Amendment. Voisin's Oyster House, 799 F.2d at 188; Peden v. Phelps, No. 86-3951, slip op. at 1, 1988 WL 135240 (E.D.La. Dec. 14, 1988); Dufrene v. Foti, No. 86-4346, slip op. at 1, 1986 WL 14181 (E.D.La. Dec. 4, 1986)