BLANCHE, Judge.
Plaintiff, Leonard J. Bastida, seeks to recover damages as a result of stab wounds he received on September 15, 1969, while he was an inmate of Louisiana State Penitentiary at Angola, Louisiana. The State of Louisiana, through the Department of Corrections is named as defendant.
Plaintiff alleges that the doctrine of res ipsa loquitur is applicable and, alternatively, that the injury was caused by negligence on the part of the defendant in the operation of the maximum security area. The principal allegations of negligence are that defendant placed plaintiff in an area where they knew he could be injured and failed to provide adequate supervision, inspection, control and security while he was in said area by using inmate guards, by allowing more than two prisoners to shower at the same time and by failing to find a dangerous weapon on his assailant.
Defendant denied any negligence on its part and contended that plaintiff requested another inmate, Jerry Hazen, to inflict stab wounds upon him so as to enable plaintiff to recover money damages against defendant or to receive a lesser sentence of confinement. Defendant, in the alternative, pled contributory negligence.
After a trial on the merits, the trial judge dismissed plaintiff’s suit at plaintiffs costs and rendered written reasons therefor.
From this judgment, plaintiff has de-volutively appealed alleging that the trial court erred (1) in failing to apply the doctrine of res ipsa loquitur and (2) in failing to find negligence on the part of the Department of Corrections for their inadequate supervision, inspection, control and operation of the maximum security area. We affirm.
The doctrine of res ipsa loquitur is inapplicable. When one inmate inflicts injury upon another inmate, negligence on the part of the State is not presumed so as to shift the burden of proof on the State to show the absence of negligence on its part.
“ * * * [I]n order to hold the State or the employees of a state who have charge of a prison liable for injury to one inmate inflicted by another inmate, there must be knowledge on the part of such officers in charge that such injuries will be inflicted, or good reason to anticipate such, and following that, there must be a showing of negligence on the part of these officials in failing to prevent the injury. [Citations omitted]” (St. Julian v. State, 98 So.2d 284, 285 [La.App. 1st Cir. 1957] ).
Therefore, the burden is on plaintiff to meet the requirement of proof set forth in St. Julian, supra.
Plaintiff had previously been accused of slaying a fellow inmate, John Trahan. Four other inmates were accused of being *546 involved in the same incident. In the course of the investigation by prison authorities, plaintiff was isolated from the other four prisoners. The separation of plaintiff from the other four inmates is a fact which plaintiff claims cast an inference that he was singled out as an informer, thus subjecting him to retaliation or danger of reprisal. The apparent thrust of such evidence was to show that the prison authorities should have known or had good reason to anticipate that plaintiff was a likely subject of reprisal and in danger of receiving bodily harm.
The trial court disposed of this contention as follows:
“ * * * Plaintiff contends that because of possible results of the manner of investigating a prior incident in the prison, plaintiff was put in a special position of danger so that defendant should have taken special precautions. However, except some vague testimony that because of Bastida’s [plaintiff’s] treatment in the investigation he might have been possibly regarded as an informer there is no evidence to bear this out; this would be insufficient as proof of basis for claim. As a matter of fact, there was testimony that Bastida was not regarded as an informer by the other prisoners and was so informed by them. * * * ” (Written Reasons for Judgment, Record, p. 40)
We agree. The evidence is to the contrary, as plaintiff unequivocally stated that he was not apprehensive in regard to being considered as an informer and was afraid of no one.
The foregoing considered, we find the prison authorities had neither knowledge nor good reason to anticipate that any injury or harm might befall plaintiff. Failing to have such knowledge or being charged with having such knowledge, we do not see how the Department could be made answerable for failing to prevent such injury.
Plaintiff also did not prove that the Department was negligent in not providing adequate supervision, inspection and control of the maximum security area. At the time plaintiff was stabbed, only two' prisoners were released from their cells simultaneously to shower and shave. The evidence shows that when plaintiff and Andrew Small were stabbed, Jerry Hazen was also out of his cell in violation of the prison’s policy at that time of allowing only two inmates out of their cells at once. In this connection, the district court stated:
“ * * * While it might be good policy and a desired rule that release from their cells of numerous prisoners in the maximum security portion of the penitentiary should be avoided and might be dangerous, the Court cannot agree that the release of three prisoners at one time would be such negligence as to be the basis of an award. * * * ” (Written Reasons for Judgment, Record, p. 40)
It was also pointed out by Associate Warden Hayden Dees that since that time the rule has been changed and a whole tier of prisoners are released for one hour to shower and shave at the same time.
Because the plaintiff failed to prove his case by a preponderance of the evidence, the trial court properly dismissed plaintiff’s suit at his costs.
For the above reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.