451 So.2d 1284 (1984)
Henry ANDERSON
v.
C. Paul PHELPS, et al.
No. 83 CA 0786.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Henry Anderson, in pro per.
J. Marvin Montgomery and Karen L. Godwin, Baton Rouge, for defendants-appellees C. Paul Phelps, et al.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Plaintiff, an inmate at Louisiana State Penitentiary at Angola, brought this tort suit against defendants, various Department of Corrections officials, for injuries he received when he was burned by a hot liquid allegedly thrown on him by another inmate. From a judgment dismissing his suit, plaintiff appeals.
The incident giving rise to the present suit occurred sometime between ten and eleven p.m. on April 9, 1980. Plaintiff was attempting to go to sleep in his bed in Hickory Dormitory, which housed between fifty-eight and sixty inmates, when a hot liquid substance was thrown on him causing burns to his face and back. The only security officer assigned to the dormitory did not witness the incident. He testified *1285 that he had just returned from giving his bed count when he saw plaintiff jump out of bed cursing. Plaintiff was then taken to the prison hospital and treated for his injuries.
A hearing was held before Commissioner Norbert C. Rayford. The Commissioner issued a report recommending dismissal of the suit on the basis that plaintiff failed to show by a preponderance of the evidence that defendants' negligence resulted in his injury. The Nineteenth Judicial District Court reviewed the evidence and the Commissioner's report and rendered judgment dismissing plaintiff's suit.
In this appeal, plaintiff raises two basic issues: (1) whether plaintiff met his burden of proving that his injuries were caused by defendants' negligence and (2) whether the violation of a federal court order requiring two guards in each dormitory was sufficient in and of itself to show negligence on the part of the defendants.
Under the jurisprudence, the state is not an insurer of an inmate against attacks by other inmates. The standard is that of ordinary and reasonable care. In order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. Parker v. State, 282 So.2d 483 (La.1973); Shields v. State Through Dept. of Corrections, 380 So.2d 123 (La.App. 1st Cir.1979), writ denied 382 So.2d 164.
The record shows that at no time did plaintiff inform defendants that he feared an attack. Plaintiff himself testified that he did not know that an attack was imminent. The security officer assigned to the dormitory and the shift supervisor both testified that they had no reason to believe plaintiff was in danger. We therefore find that the district court properly concluded that plaintiff failed to prove by a preponderance of the evidence that defendants knew or had reason to anticipate that harm would ensue and failed to use reasonable care in preventing the harm.
Plaintiff further argues that defendants were negligent in failing to post two security guards in each dormitory as required by the federal court order in Williams v. Edwards, 547 F.2d 1206 (5th Cir.1977). Plaintiff apparently contends that defendants' failure to comply with the order amounted to negligence per se.
In McGee v. State Through Dept. of Corrections, 417 So.2d 416 (La.App. 1st Cir.1982); writ denied 420 So.2d 981, this court dealt with precisely the same issue. In McGee we concluded that a violation of the federal court order did not mean there was negligence per se and that the plaintiff still must prove fault on the part of the state in order to establish its liability. We agree with the finding of the Commissioner in this case that if another inmate was dedicated to the purpose of causing injury to plaintiff he would have done so regardless of the number of guards present. Plaintiff failed to show a direct causal relationship between the failure to have two security guards present in the dormitory and the actions of his attacker.
For the above reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.