**Mildred L. KITCHENS, Plaintiff-Appellee,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, Defendant-Appellant.**

No. 84–2027.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 3, 1984.

Jim Mattox, Atty. Gen., Michael H. Patterson, Asst. Atty. Gen., Austin, Tex., for defendant-appellant.

Kugle, Dougals & Skelton, Henry T. Skelton, Athens, Tex., for plaintiff-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The Texas Department of Human Resources appeals from a judgment for $20,000 in favor of Mildred Kitchens, entered after a jury found that TDHR had breached Kitchens' contract of employment. TDHR argues that the Eleventh Amendment, as interpreted in *Pennhurst State School and Hospital v. Halderman,* — U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), bars such claims. We agree and reverse.

After Mildred Kitchens was fired from her job as a TDHR supervisor, she filed this suit in federal court against TDHR and five of its officials. She alleged violations of 42 U.S.C. § 1983 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, as well as a pendent state-law claim for breach of her employment contract. At trial, at the close of the evidence, Kitchens chose not to submit the section 1983 claims to the jury. The jury, answering special interrogatories, found that none of the defendants had discriminated against Kitchens because of her age, but that she had an employment contract with TDHR, and that TDHR had fired her without good cause. The jury found Kitchens's damages to be $20,000. The court then entered judgment for Kitchens against TDHR only, and entered take-nothing judgments in favor of the five officials.

Kitchens's pendent contract claim sought money damages against a state agency. Had that claim been brought independently in federal court, it clearly would have been barred by the Eleventh Amendment. *Pennhurst State School and Hospital v. Halderman,* 104 S.Ct. 900, 908 (1984) *(Pennhurst II); Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

In *Pennhurst II,* decided after the trial court's judgment, the Supreme Court held that the Eleventh Amendment forbade a federal court from exercising pendent jurisdiction over a claim for an injunction ordering state officials to comply with a state statute. The Court stated:

[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.

104 S.Ct. at 919. Under *Pennhurst II,* the court below had no power to entertain Kitchens' contract claim regardless of the existence or fate of her other causes of action.

REVERSED.