**Ricky HUGHES, Plaintiff–Appellee,**

v.

**Sgt. Mr. C. SAVELL,
Defendant–Appellant.**

**No. 89–3140.**

United States Court of Appeals,
Fifth Circuit.

June 4, 1990.

Joseph Erwin Kopsa, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for defendant-appellant.

Richard W. Sroges, New Orleans, Susan A. Kruse, Baton Rouge, for plaintiff-appellee.

Ricky Hughes, Angola, pro se.

Before BROWN, WILLIAMS and
JONES, Circuit Judges:

EDITH H. JONES, Circuit Judge:

Sergeant Craig Savell, a security officer
at the Louisiana State Penitentiary, appeals
from a jury verdict under Louisiana law
which awarded $1750 to prisoner Ricky
Hughes, after the jury concluded that Sa-
vell negligently failed to protect Hughes
from an attack by another inmate. On
appeal, Savell contends that the Eleventh
Amendment to the United States Constitu-
tion prevents the federal courts from ad-
dressing the state-law claim since this
claim directly implicates Louisiana, which
is immune from suit in the federal courts.
We agree with Savell's assessment.[1] Ac-
cordingly, we reverse the judgment for
damages and remand to the district court
with instructions to dismiss the state law
claim for lack of jurisdiction.

## I.

### BACKGROUND

As a security officer for the Louisiana
State Penitentiary ("LSP"), Sergeant Craig
Savell worked the 6:00 pm to 6:00 am shift
as the only dormitory guard for Camp D,
Falcon Side in dormitory 2. Since Savell
was unarmed, he was instructed to use his
electronic beeper and the telephone to alert
other security officers if trouble broke out
during his shift.

On March 6, 1985 at approximately 10:30
pm, inmate Gerald Watson attacked inmate
Ricky Hughes with a razor blade in the
dormitory's sleeping area, cutting
Hughes's face. Conflicting evidence indi-
cates that Hughes had anticipated the at-
tack. Sergeant Savell noticed the struggle
and pressed his beeper to alert the control
center that he needed assistance. Savell
then ordered the inmates to stop fighting.

When the inmates refused, Savell entreated
other prisoners to assist him. Eventually,
Savell moved from behind his security post
and interposed himself between the two
prisoners.

Unaware that Watson was armed, Savell
wrestled Hughes to the ground and re-
strained him with the help of another pris-
oner. While Savell held Hughes down,
Watson reached over Savell and cut
Hughes twice on the back. At this point,
several other security officers entered the
dormitory and restrained Watson.

As a result of this incident, Hughes sued
Sgt. Savell and Frank Blackburn, the ward-
en of LSP, for constitutional violations un-
der 42 U.S.C. § 1983. Hughes also raised
pendent state claims for negligence against
both defendants. The district court grant-
ed summary judgment in favor of Black-
burn on the grounds that Hughes failed to
state a claim against him. At trial, the
jury rejected the constitutional claim
against Savell, but it awarded damages on
the negligence cause of action. Savell has
appealed.

## II.

### DISCUSSION

The Eleventh Amendment bars
suits in federal court by a citizen of a state
against his own state or against a state
agency or department. *Pennhurst State
School and Hospital v. Halderman,* 465
U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d
67 (1984); *Neuwirth v. Louisiana State
Board of Dentistry,* 845 F.2d 553, 555 (5th
Cir.1988); *Voisin's Oyster House v. Gui-
dry,* 799 F.2d 183, 185 (5th Cir.1986). The
amendment also prohibits suits against
state officials when "the state is the real,
substantial party in interest." *Ford Motor
Company v. Department of Treasury of
Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347,
350, 89 L.Ed. 389 (1945). *See Kentucky v.
Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099,
3107, 87 L.Ed.2d 114 (1985); *Brandon v.*

---

1. Because we have determined that the district
court did not have jurisdiction to address the
state-law claim, we offer no opinion regarding

Savell's tenth amendment contention, or the re-
maining issues raised.

*Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). The state is the real party in interest if the decision rendered in a case would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or to refrain from acting. *Pennhurst,* 465 U.S. at 101, 104 S.Ct. at 908; *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Voisin's Oyster House,* 799 F.2d at 188.

According to this reasoning, a claim that state officials violated *state* law in carrying out their official responsibilities is a claim against the State. *Pennhurst,* 465 U.S. at 121, 104 S.Ct. at 919; *Neuwirth,* 845 F.2d at 556; *Livingston Louisiana School Board v. Louisiana State Board of Education,* 830 F.2d 563, 569 n. 13 (5th Cir. 1987), *cert. denied* 487 U.S. 1223, 108 S.Ct. 2884, 101 L.Ed.2d 918 (1988). The Supreme Court delineated this position in *Pennhurst:*

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

465 U.S. at 106, 104 S.Ct. at 911. *See Lelsz v. Kavanagh,* 807 F.2d 1243, 1253 (5th Cir. 1987).

■ When interpreting *Pennhurst,* the Fifth Circuit has construed the term "state law" to include both statutory enactments and state common law. *Bush v. Viterna,* 795 F.2d 1203, 1207 (5th Cir.1986) (state prison regulations); *Mohler v. State of Mississippi,* 782 F.2d 1291, 1293 (5th Cir. 1986) (state education act); *Sims v. Jefferson Downs Racing Association,* 778 F.2d 1068, 1074 (5th Cir.1985) (state racing statute); *Kitchens v. Texas Department of Human Resources,* 747 F.2d 985, 986 (5th Cir.1984) (common-law contracts action). The *Pennhurst* rationale applies with particular force in common-law cases, because the State possesses a paramount interest in overseeing the nature and extent of the common-law liability imposed by its courts, and in defining the immunity available to its officials. *Martinez v. California,* 444 U.S. 277, 282, 100 S.Ct. 553, 557, 62 L.Ed.2d 481 (1980); *Ferri v. Ackerman,* 444 U.S. 193, 198, 100 S.Ct. 402, 406, 62 L.Ed.2d 355 (1980); *Ford Motor Company,* 323 U.S. at 462, 65 S.Ct. at 350 (Indiana may define suit to permit action only against the state). Thus, where litigants accuse state officers of violating state common law when acting in the course and scope of their employment, the Eleventh Amendment prevents the litigant from raising the claim in federal court whether the litigant seeks damages or injunctive relief,[2] *Pennhurst,* 465 U.S. at 101–02, 104 S.Ct. at 909; *Chiz's Motel v. Mississippi State Tax Commission,* 750 F.2d 1305, 1307 (5th Cir. 1985); and whether the litigant invokes the court's original or pendent jurisdiction. *Oneida County, N.Y. v. Oneida Indian Nation of New York State,* 470 U.S. 226, 250–51, 105 S.Ct. 1245, 1260, 84 L.Ed.2d 169 (1985); *Pennhurst,* 465 U.S. at 117–21, 104 S.Ct. at 917–19; *Iron Workers Pension Fund v. Terotechnology,* 891 F.2d 548, 551 (5th Cir.1990); *Bush,* 795 F.2d at 1207.

■ Hughes's pendent negligence claim against Sgt. Savell arises under the Louisiana Code. *See* La.Civ.Code Ann. arts. 2315–2317 (West 1979). Nevertheless, Hughes contends that he sued Sgt. Savell in his personal rather than in his official capacity for Savell's negligent failure to protect Hughes from an attack by another inmate. Hughes accordingly argues that

---

2. The exception to the Eleventh Amendment created by the Supreme Court in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), which permits suits for prospective relief against state officials, applies only to violations of *federal or Constitutional law* by those officials. *Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 909. Since this appeal involves only alleged violations of *state* law, it does not implicate the *Young* fiction.

the Eleventh Amendment does not bar his pendent claim.

Louisiana law places the onus on the state to protect one prisoner from attacks by another prisoner. As the Louisiana Supreme Court explained in *Breaux v. State*, 326 So.2d 481, 482, 484 (La.1976):

[T]he state is ... liable for its [prison] employee's (sic) failure to use reasonable care in preventing harm after they had reasonable cause to anticipate it....

Further, though [the prison guards'] conduct constitutes legal fault for which the State as their employer is responsible, the blame is *not* so much *personal* as due to the undermanned and harassed conditions in which these employees must perform their most important duties. (*emphasis added*)

Although the state does not insure inmates against personal attacks, the state is responsible when its employees fail to use reasonable care to protect inmates from injuries inflicted by other prisoners which the authorities know or have reason to anticipate will occur.[3] We have found no Louisiana case which holds a prison guard individually liable for such an attack. Those cases which do consider the responsibility of individual state prison employees routinely impute the employee's negligence to the state for purposes of assigning liability.[4]

Notwithstanding his contention on brief to this court, Hughes's complaint does not specify the capacity in which he sued Sgt. Savell. However, at the time of the attack, Savell was serving in his official capacity as the only dormitory guard on duty in Hughes's cell block. Under these circumstances, Louisiana tort law places the duty to safeguard Hughes on the State of Louisiana and designates Savell as Louisiana's agent. In order for Hughes to plead a cause of action for Savell's negligence, Hughes must sue Sgt. Savell as an agent of the state. *Pennhurst* bars such a suit in federal court since the action seeks recovery from the state based on the violation of state common law by the state's agent.[5] For these reasons, we remand this case to the district court with instructions to dismiss the state law claims for lack of jurisdiction under the Eleventh Amendment.

REMANDED with instruction to dismiss.

**3.** *See Parker v. State*, 282 So.2d 483, 486–87 (La.1973); *Anderson v. Phelps*, 451 So.2d 1284, 1285 (La.App.1984); *McGee v. State*, 417 So.2d 416, 418 (La.App.), *writ denied*, 420 So.2d 981 (1982); *Neathery v. State*, 395 So.2d 407, 410 (La.App.1981); *Shields v. State Through Dept. of Corrections*, 380 So.2d 123 (La.App.1979), *writ denied* 382 So.2d 164; *Craft v. State*, 308 So.2d 290, 295 (La.App.), *writ denied* 319 So.2d 441, *cert. denied* 423 U.S. 1075, 96 S.Ct. 859, 47 L.Ed.2d 84 (1975); *Lewis v. Listi*, 377 So.2d 551, 553 (La.App.1979); *Bastida v. State*, 269 So.2d 544, 545 (La.App.1972); *Adams v. State*, 247 So.2d 149, 151 (La.App.1971); *St. Julian v. State*, 98 So.2d 284 (La.App.1957).

**4.** *Nedd v. State*, 281 So.2d 131, 132 (La.1973), *cert. denied* 415 U.S. 957, 94 S.Ct. 1484, 39 L.Ed.2d 572 (1974); *Mack v. State*, 529 So.2d 446, 448 (La.App.), *writ denied* 533 So.2d 359 (1988); *Walden v. State*, 430 So.2d 1224 (La. App.), *writ denied* 435 So.2d 430 (1983); *White v. Phelps*, 387 So.2d 1188, 1190–91 (La.App. 1980); *Hampton v. State*, 361 So.2d 257, 258 (La.App.1978); *Davis v. State*, 356 So.2d 452,

454 (La.App.1977); *Betsch v. State*, 353 So.2d 358, 359 (La.App.1977), *writ refused* 354 So.2d 1380 (1978); *Williams v. State*, 351 So.2d 1273, 1273–74 (La.App.1977); *Jones v. State*, 346 So.2d 807, 808 (La.App.), *writ refused* 350 So.2d 671 (1977); *Walker v. State*, 346 So.2d 794, 796 (La.App.), *writ denied* 349 So.2d 879 (1977); *Raney v. State*, 322 So.2d 890, 892 (La.App. 1975).

**5.** Since we have concluded that Louisiana does not recognize an *individual* negligence action against Sgt. Savell, we need not determine whether Louisiana would indemnify Savell for damages awarded against him as a result of actions taken in the line of duty. La.Rev.Stat. Ann. § 13:5108.2 B (West Supp.1986). Where Louisiana's statutes do require such indemnification, this circuit has already held that a judgment implicating this statute "is really a suit against the state", barred by the Eleventh Amendment. *Voisin's Oyster House*, 799 F.2d at 188; *Peden v. Phelps*, No. 86–3951, slip op. at 1, 1988 WL 135240 (E.D.La. Dec. 14, 1988); *Dufrene v. Foti*, No. 86–4346, slip op. at 1, 1986 WL 14181 (E.D.La. Dec. 4, 1986).