Sadie A. ROGERS, Plaintiff,

v.

Dan MORALES, Attorney General of the State of Texas, and Todd K. Brown, Executive Director, Texas Workers Compensation Commission, Defendants.

No. 6:97–CV–037–BA.

United States District Court,
N.D. Texas,
San Angelo Division.

June 9, 1997.

Sadie A. Rogers, Carlsbad, TX, pro se.

Ida A. Gonzales, Asst. Atty. Gen., Austin, TX, for Defendants.

WARNICK, United States Magistrate Judge.

### ORDER OF DISMISSAL WITH PREJUDICE UNDER ELEVENTH AMENDMENT, AND ORDER OF ABSTENTION

The Plaintiff, Sadie A. Rogers, is proceeding pro se and has filed her complaint under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff has a two-fold claim for relief. First, she requests the Texas Workers Compensation Law, which became effective January 1991, be found unconstitutional under Federal Constitutional standards. She also sues for compensatory damages for workers compensation recovery under that Act, and for punitive damages. Plaintiff has named as the parties to this lawsuit Dan Morales, the Attorney General of Texas, and Todd K. Brown, Executive Director, Texas Workers Compensation Commission. Both are sued in their official capacities. Defendants have filed a Motion to Dismiss, and have raised a three-fold issue. They allege insufficiency of service of process, failure to state a claim for which relief could be granted, and Sovereign immunity in their official capacities.

■ Each of the Defendants in their official capacity wherein they are sued for Workers Compensation damages, and for punitive damages, are under the Eleventh Amendment of the United States Constitution entitled to Sovereign immunity.

■ The Eleventh Amendment of the U.S. Constitution grants to the states the bar to a Civil Rights case when the lawsuit is brought against a state agency, or a state official in his official capacity for the recovery of monetary damages, *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), and *Hughes v. Savell,* 902 F.2d 376 (5th Cir.1990).

■ The other issues are failure to state a claim for which relief could be granted, and insufficiency of service. While both are grounds which could be considered, there is an overriding doctrine to be considered in Federal Court where the only issue to be determined is the constitutionality of a State statute. The doctrine is known as "Abstention". *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1932). In the latter case there is a three-part test. In light of this test and the Supreme Court holding in *Quackenbush v. Allstate Insurance Co.,* — U.S. ——, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the appropriate course of action is apparently to invoke Abstention. According to *Quackenbush,* abstention is appropriate when the relief sought is equitable or otherwise discretionary. *Younger v. Harris, supra,* involved a criminal statute as opposed to a civil statute as in this case, and dictates there may only be abstention when there is pending a criminal prosecution in the State Courts. However, this requirement of pending state litigation is not necessary when the statute is in the civil field. There must be a sound respect for the independence of state action. Even though there may not be an action pending in the Texas Courts comity, as recognized by the Federal Courts, requires staying the case in Federal Court and forbearing from considering the question. The issue more appropriately belongs in the State Courts, *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). This particular Workers Compensation statute represents a comprehensive overhaul of the Texas Workers Compensation system. Workers Compensation litigation will not in the ordinary and usual procedures be filed in the Federal Court system. Those cases will be in the State Court system. Therefore, there is no need for the Federal Court to become entangled in the state law and the determination of the application and interpretation of the Texas Workers Compensation statute. With regard to the importance of this legislation in Texas, the *Burford* doctrine of no required pending litigation, and the apparent procedure of no future Federal involvement dictates abstention; see *Sierra Club v. City of San Antonio,* 112 F.3d 789 (5th Cir.1997).

■ The only relief left in the case after the dismissal under the Eleventh Amendment is the question of whether or not the Texas Statute is constitutional under Federal Constitutional standards. This is a seeking of equitable relief. It is discretionary with the Court whether or not to proceed. This Court can hear such a complaint even in light of the Eleventh Amendment Sovereign immunity when the relief sought is prospective, *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The Plaintiff is in effect asking this Court in part to overrule the decision in *Texas Workers Compensation Commission v. Garcia,* 893 S.W.2d 504 (Tex.1995). Plaintiff alleges she suffers from a condition known as fibromyalgia. For determining disability under the Workers Compensation Act, Texas uses a *Guide to Evaluation of Permanent Impairment* as published by medical authorities. Fibromyalgia is not listed in the Guide, therefore, Plaintiffs claim for workers compensation was denied. In *Garcia, id.* at 526, the Court withheld expressing any opinion as to whether or not the Workers Compensation Act might violate the due process of law as applied to a claimant who was suffering from a known and diagnosed permanent physical ailment, not included under the Guides. Thus, the Texas Supreme Court has never been presented with the opportunity to rule on the question of whether or not the Work-

ers Compensation Act is unconstitutional wherein it fails to list a medically recognized diagnosis. In such a circumstance, abstention is appropriate, thus giving the Texas Courts the opportunity to construe their own statutes.

It is, therefore, Ordered the claim with regard to the constitutionality of the Texas Workers Compensation Act of 1991 be dismissed without prejudice as this Court invokes the Abstention Doctrine.

It is, further Ordered the claim for compensatory and punitive damages with regard to the Defendants, Dan Morales and Todd K. Brown, in their official capacity is dismissed with prejudice under the Eleventh Amendment to the U.S. Constitution.

It is, further Ordered all pending Motions not previously considered by this Court are hereby overruled and denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**