Ramiro REYES, et al.

v.

Carl SAZAN, et al.

Civil Action No. 97–0133.

United States District Court,
E.D. Louisiana.

Oct. 27, 1997.

John Bennett Wells, Law Offices of John B. Wells, Slidell, LA, for Plaintiffs.

Sandra Ema Gutierrez, Louisiana Dept. of Justice, New Orleans, LA, for Defendants.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court are defendants Carl Sazan, William Whittington, L.M. Ryan, and Kevin Armstrong, who move pursuant to Fed. R. Civ. Proc. 12(b)(6) to dismiss plaintiffs' Complaint for failure to state a claim against defendants upon which relief may be granted. For the following reasons, defendants' motion is HEREBY GRANTED as it relates to plaintiff Ramiro Reyes claims under 42 U.S.C. § 1983 and § 1985, and DENIED as it relates to all remaining claims.

## A. BACKGROUND

Plaintiffs state that on the afternoon of January 30, 1996, plaintiff Florentine Martinez ("Mr.Martinez") was driving his sister, plaintiff Elizabeth Martinez ("Ms.Martinez"), and her minor daughter in a pickup truck belonging to plaintiff Ramiro Reyes, who was not present during the incident. While traveling on Interstate 12, plaintiffs profess that they "properly passed" a marked Louisiana State Police vehicle, and returned to the right lane. Despite plaintiffs' contention that there were "no vehicles in the lane ahead of plaintiffs that were in the immediate vicinity," Louisiana Trooper Carl Sazan pulled them over and issued them a warning citation for "Following Too Closely." Complaint, ¶ X and ¶ XII. Trooper Sazan then asked for permission to conduct a search of the vehicle, and Mr. Martinez signed a waiver form. Trooper Sazan called in Trooper John Doe, who arrived with a drug-sniffing police dog. The dog barked, and Trooper Sazan ordered the Martinezes to follow them to Troop L Headquarters ("Headquarters") in Mandeville, Louisiana. There, defendants Sazan, Roe and Doe searched the vehicle. No drugs or other contraband were found.

Plaintiffs aver the following. Plaintiffs assert that "Following Too Closely" was only a pretext, and that Trooper Sazan really pulled them over because they were "of obvious Hispanic origin driving a vehicle with Texas license plates on a corridor that is targeted by the defendants for purpose of selective enforcement." Complaint, ¶ XXIV. Although plaintiffs admit that the dog barked, they maintain that this was only because Trooper Doe "would pull the dog's chain causing the dog to bark." Complaint, ¶ XV. The Martinezes allege that they were required to wait in the cold rain during this entire process, and were refused permission to even retrieve a jacket. Once at Headquarters, plaintiffs conclude that the search performed by Sazan, Doe and Roe "exceeded the scope of any permission," and was "carried out negligently and maliciously." Complaint, ¶ XVI. Plaintiffs declare that during the three to four hour search they were "forced to stand under an outside porch cover exposed to the cold and the elements." Complaint, ¶ XVII. Plaintiffs allege that during the search Officer Roe "taunted plaintiffs by stating that they had found drugs, that they would be put in jail and that plaintiff Elizabeth Martinez's daughter would be taken away from her and

placed in foster care." Complaint, ¶ XVIII. Plaintiffs charge that the search resulted in damage to the truck's outlet air vent duct, instrument panel, rear cab trim panel, rear fender, fuel pocket, fuel tank, front bumper cover, right rear body panel, and vehicle paint. Plaintiffs declare that this alleged harm amounted to $2,209.20 worth of damages.

Plaintiffs claim that defendants' actions violated their rights under an extensive list of provisions. First, plaintiffs contend that defendants violated Article IV and the Fourth and Fourteenth Amendments of the United States Constitution, and thus that plaintiffs are entitled to relief under 42 U.S.C. §§ 1983 and 1985. Further, plaintiffs insist that defendants violated Article I, §§ 2, 3, 4, and 5 of the Constitution of the State of Louisiana, as well as Louisiana Civil Code Articles 2315, 2317, and 2320. The Martinezes allege that they are each entitled to $55,000 general and special damages for their discomfort, embarrassment, humiliation, loss of dignity, loss of privacy and mental anguish, and violation of their state and federal constitutional rights, and $110,000 in punitive damages. Further, plaintiff Reyes seeks $2,209.20 for damage to his truck, plus $5,000 in punitive damages. All plaintiffs seek costs and reasonable attorney's fees. Plaintiffs seek recovery from Trooper Sazan, as well as Superintendent William Whittington, Captain L.M. Ryan, and Captain Kevin Armstrong.

**B. STANDARD FOR DISMISSAL ON PLEADINGS**

■ A 12(b)(6) motion is "viewed with disfavor and is rarely granted." *Kaiser Aluminum v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). Dismissal is "inappropriate unless the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief," or if "an affirmative defense or other bar to relief appears on the face of the complaint." *Garrett v. Commonwealth Mortg. Corp. of America,* 938 F.2d 591 (5th Cir.1991) (citations omitted). In reviewing such a complaint, this Court must "accept as true all well pleaded fact in the complaint, and the complaint is to be liberally construed in favor of the plaintiff." *Kaiser Aluminum,* 677 F.2d at 1050. However, "dismissal is

proper if the complaint lacks an allegation regarding a required element necessary to obtain relief," and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir.1995) (citations omitted).

*1. Claims Under 42 U.S.C. § 1983*

Defendants first insist that they are being sued in their official capacities, and thus they are not liable for monetary damages under 42 · U.S.C. § 1983. The Court disagrees. While plaintiffs have identified the positions of the individual defendants, defendants are not being sued in their official capacities, but rather as individuals acting under color of state law. Defendants' first ground for dismissal is thus denied.

■ Next, defendants insist that Whittington, Ryan and Armstrong ("the Supervisors") can not be held liable for any actions perpetrated by Sazan, Roe and Doe ("the Troopers"). A plaintiff "must establish either that the defendant supervisory official was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir.1981). Plaintiffs certainly offer no admissible evidence for which the Supervisors could be liable. However, a 12(b)(6) motion is not a motion for summary judgment. A dismissal will only be granted if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum,* 677 F.2d at 1050. Plaintiffs have alleged facts that the alleged traffic violation was a pretext, and the search illegal. They have plead with particularity that this was part of a policy to stop and search those of Hispanic origin, and/or that the supervisors failed to adequately train and/or monitor the Troopers. While the supervisors will be entitled to summary judgment unless plaintiffs submit evidence that raises a genuine issue of material fact, they are not entitled to dismissal for failure to state a claim.

■ Defendants next declare that all defendants are entitled to qualified immunity from suit. While questions of immunity should be resolved "at the earliest possible stage in litigation," *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991), such a finding is not appropriate here. Plaintiffs again have made allegations, supported by their version of the facts, that the arrest and search were pretextual and illegal, that plaintiffs were pulled over despite the fact that they were not following anyone too closely, and that the dog barked only when its chain was purposely pulled to elicit this response. If plaintiffs can prove their assertions, such behavior would violate clearly established constitutional rights and the Troopers and possibly the Supervisors would not be entitled to qualified immunity. Thus defendants are not entitled to a dismissal based on qualified immunity.

Defendants incorrectly focus the "clearly established right" inquiry on the search at Headquarters, and not the initial stop and decision to search the truck. Defendants may be correct that, even as alleged, the Troopers treatment of plaintiffs—leaving them exposed to the elements in varying degrees over a three to four hour period, at one point yelling at them, and searching Reyes' truck at Headquarters in a manner that caused some physical damage—would not rise to a violation of clear constitutional norms. However, while the Court need not accept plaintiffs' conclusory allegations that the stop and search were unconstitutional, the only information before the Court at this point is that a truck with three Hispanics and no vehicles in the lane ahead in the immediate vicinity was pulled over and issued a warning citation for following too closely, and immediately searched for drugs. Defendants may be able to put evidence on the record that would justify its behavior and thus entitle it to summary judgment as to the Martinezes. However, defendants can not meet their burden of showing that the Martinezes can prove no set of facts in support of their claim that would prove a violation of Article IV or the Fourth and Fourteenth Amendments of the United States Constitution, and thus entitle them to relief under 42 U.S.C. § 1983.

■ Defendants do correctly assert that plaintiff Reyes, who was not present for the events of this action, fails to state a claim for deprivation of his due process right recognizable under 42 U.S.C. § 1983. Deprivation of property by a state actor does not violate procedural due process if the state provides meaningful post-deprivation remedies exist. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Reyes does not assert that the state's remedies to address this destruction of his property are inadequate. Thus, Reyes may not assert a due process violation. However, Reyes, whose truck carrying no contraband and no drugs was damaged by the Troopers, does assert a claim under the Louisiana Civil Code. As this Court will retain jurisdiction over the Martinezes' claims regarding the same incident, it would violate any theory of judicial economy to refuse to exercise supplemental jurisdiction under 28 U.S.C. § 1367 to litigate Reyes' claim for damages to his truck under state law.

### 2. Claims Under 42 U.S.C. § 1985

■ Defendants next contend that plaintiffs have not alleged facts sufficient to support a claim under 42 U.S.C. § 1985. The legal framework for examining such a claim under a 12(b)(6) motion is clear.

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In doing so the plaintiff must show that conspiracy was motivated by a class-based animus. *Hilliard v. Ferguson,* 30 F.3d 649, 652–53 (5th Cir.1994) (citations omitted).

■ Plaintiffs allege that defendants "conspired among themselves to selectively target persons of obvious Hispanic origin," Complaint, ¶ XXXI, asserting a conspiracy ((1)) to deprive persons of the equal protection of the laws ((2)), and that this conspiracy was motivated by class-based animus. The

Martinezes were stopped and searched, allegedly in furtherance of this conspiracy ((3)), and were thus deprived of rights or privileges of a citizen of the United States ((4)). While plaintiffs must offer admissible evidence to withstand a motion for summary judgment, the Martinezes have nonetheless stated a valid claim for recovery under 42 U.S.C. § 1985. Defendants are not entitled to a 12(b)(6) dismissal as to the Martinezes. As noted in the discussion of plaintiff Reyes' claims under Section 1983, Reyes has not made any allegation sufficient to maintain a claim for deprivation of any right or privilege of a citizen of the United States, and thus defendants are entitled to a dismissal of any Section 1985 claims he asserts. Furthermore, as Reyes was not even in the truck, he was not a victim of any conspiracy to target persons of obvious Hispanic origin.

*3. State Law Claims*

Defendants attest that plaintiffs' claims under Articles 2315, 2317, and 2320 of the Civil Code are barred by the Eleventh Amendment. Defendants' assertion appears to again rest on their conclusion that the individual defendants are really being sued in their official capacities. A reading of plaintiffs' complaint, especially the liberal reading required in a 12(b)(6) complaint, shows that defendants are being sued in their individual, and not official, capacities.

Defendants also point to *Hughes v. Savell*, 902 F.2d 376 (5th Cir.1990) for the proposition that federal courts are barred by the Eleventh Amendment from litigating certain claims under the Louisiana Civil Code. However, while the plaintiff's pendent negligence claims in *Hughes* were allegedly in that defendant's personal capacity, the Court found that the action was really one against the state. Because no cases had held a prison guard personally liable for the type of negligence plaintiff asserted, but instead had "routinely imputed the employee's negligence to the state for purposes of assigning liability," the Court found that the plaintiff was in reality seeking recovery from the state, and was thus barred by the Eleventh Amendment. *Hughes*, 902 F.2d at 379. Because plaintiffs here assert no such claim, defendants are not entitled to dismissal. The Court will exercise its pendant jurisdiction over all remaining state law claims in this case.

**B. CONCLUSION**

Accepting as true and liberally construing all well pleaded facts in the complaint, defendants can not meet their burden of showing that the Martinezes can prove no set of facts in support of their claim that would entitle them to relief. Accordingly, IT IS ORDERED that defendants' motion to dismiss as to the Martinezes is HEREBY DENIED. Defendants are entitled to a dismissal as to plaintiff Reyes' claims under 42 U.S.C. § 1983 and § 1985. However, this Court chooses to exercise its supplemental jurisdiction as to Reyes' state law claims for damage to his property. Therefore, defendants' motion to dismiss is HEREBY GRANTED as to Reyes' federal claims, and HEREBY DENIED as to Reyes' state claims.