IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30377
Summary Calendar
_____


DENNIS M. SHELTON,

                                        Plaintiff-Appellee,

versus

STATE OF LOUISIANA DEP'T OF CORRECTIONS, ET AL.,

                                        Defendants,

J. MCGOVERN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-171-A-M2
--------------------

September 23, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     John McGovern, Classification Manager at Elayn Hunt

Correctional Center of the Louisiana Department of Corrections,

appeals the district court's denial of his motion for summary

judgment in a 42 U.S.C. § 1983 civil rights actions filed by

Dennis M. Shelton, Louisiana prisoner # 122088.  McGovern

contends that he is entitled to qualified immunity as to

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Shelton's claim that he transferred Shelton to Avoyelles Correctional Center in Cottonport, Louisiana, in retaliation for Shelton's filing of several grievances and state civil actions. We have jurisdiction to determine, as a matter of law, whether McGovern is entitled to qualified immunity, after accepting all of Shelton's factual allegations as true, by determining whether these facts show that McGovern's conduct was objectively reasonable under clearly established law. See Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98 (5th Cir. 1997), cert. denied, 119 S. Ct. 618 (1998). The district court did not err in holding that Shelton has alleged a chronology of events from which retaliation may be plausibly inferred. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). When Shelton's allegations are taken as true, the facts do not show that McGovern's conduct was objectively reasonable under clearly established federal law. See Behrens, 516 U.S. at 313; Colston, 130 F.3d at 98-99.

McGovern argues that his transfer of Shelton to Avoyelles Correctional Center was not a "retaliatory adverse act." Because McGovern did not raise this claim in the district court, review is limited to plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996)(en banc); Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995)(citing United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc) and Highland Ins. v. National Union Fire Ins. Co. of Pittsburgh, 27 F.3d 1027, 1031-32 (5th Cir. 1994)). If McGovern shows clear or obvious error that affects his substantial rights, this court

has discretion to correct an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Calverley, 37 F.3d at 162-64. McGovern has not cited any legal authority which establishes that the district court made a clear or obvious error in holding that McGovern's actions may constitute a retaliatory adverse act. We have held that "[a]n action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." See Woods, 60 F.3d at 1165. McGovern's argument lacks merit.

McGovern argues that even if his actions were adverse, he is still entitled to summary judgment as to grievance no. HCC-94-1452 and civil action nos. 414,832 and 420,596. The issue of which specific grievances and civil actions form the basis of Shelton's retaliation claim is a genuine issue of material fact for trial which is not reviewable by this court at this time. See Johnson v. Jones, 515 U.S. 304, 319-20 (1995); Lemoine v. New Horizons Ranch & Ctr., Inc., 174 F.3d 629, 633 (5th Cir. 1999).

McGovern argues that the district court erred in not dismissing Shelton's state law claims as barred by the Eleventh Amendment. He relies on Hughes v. Savell, 902 F.2d 376, 378 (5th Cir. 1990). Louisiana law does not provide indemnification for damages which result from intentional wrongful conduct or gross negligence of the official or employee. See Reyes v. Sazan, 168 F.3d 158, 159-60 (5th Cir. 1999). Shelton's allegations raise a fact question concerning whether McGovern acted intentionally in transferring him to Avoyelles and whether McGovern is entitled to

indemnification.  <u>See</u> <u>id.</u> at 162-63.  Therefore, the district court did not err in not dismissing Shelton's state law claims as barred by the Eleventh Amendment.

AFFIRMED.