**Stephen CHAYER, on his own Behalf and on Behalf of all others previously or currently similarly situated, Plaintiff**

**v.**

**Haley BARBOUR, as Governor of the State of Mississippi; Donald Taylor, as Executive Director of the Department of Human Services; Walley Naylor, as Director of the Division of Child Support Enforcement; and Don R. Thompson, Director of the Mississippi State Personnel Board, Defendants.**

Civil Action No. 3:07CV622TSL–JCS.

United States District Court, S.D. Mississippi, Jackson Division.

May 9, 2008.

Stacey Lea Sims, Anthony Sakalarios, Charles Gray Blackwell, Jr., F. Marvin Morris, III, Nicholas Anthony Sakalarios, Sara Morris Farris, Shaun R. Cade, Morris, Sakalarios & Blackwell, PLLC, Hattiesburg, MS, Charles G. Blackwell, Charles G. Blackwell & Associates, Laurel, MS, for Plaintiff.

Shawn Stephen Shurden, Office oF the Attorney General, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Haley Barbour, Governor of Mississippi, Donald Taylor, Executive Director of the Department of Human Services, Walley Naylor, Director of the Division of Child Support Enforcement, and Don R. Thompson, Director of the Mississippi State Personnel Board, sued in his official capacities only (collectively the State), to dismiss. Plaintiff Stephen Chayer has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that defendants' motion is well taken and should be granted.

Plaintiff Stephen Chayer was formerly employed by the State of Mississippi as a

child support enforcement attorney. He has brought this lawsuit seeking declaratory and injunctive relief for himself and a putative class of child support enforcement attorneys based on allegations that the State, in violation of the federal Due Process and Equal Protection Clauses, and of Mississippi Code Annotated § 43–19–47, has failed to adequately and fairly compensate child support enforcement attorneys employed by the State.

Chayer's complaint is grounded on Mississippi Code Annotated § 43–19–47, which authorizes the Child Support Enforcement Unit of the State Department of Human Services, in cooperation with the State Attorney General, to hire staff attorneys to initiate proceedings for securing child support and establishing paternity. With respect to compensation of such attorneys, the statute provides that the annual salary of each attorney "shall be fixed at such sums as may be deemed proper in accordance with the salaries of other full-time employed state attorneys with the Attorney General's Office." The statute further recites,

> The Mississippi Personnel Board shall survey the salaries of other Mississippi attorneys with the Attorney General's Office each year and shall raise the start step of the staff and senior attorneys accordingly and the minimum shall never go below Forty Thousand Dollars ($40,000.00) for staff attorneys or Fifty Thousand Dollars ($50,000.00) for senior attorneys.

Miss.Code Ann. § 43–19–47(1). Plaintiff alleges that defendants, in violation of the requirements of this statute, have failed to conduct the required surveys of salaries of other attorneys employed by the Attorney General's office and to appropriately compensate the State's child support enforcement attorneys, who are and for years have been underpaid. He further charges that defendants have violated these attorneys' due process and equal protection rights by intentionally and arbitrarily denying them adequate compensation.

█ Defendants, who have been sued only in their official capacities, seek dismissal of plaintiff's claims on a number of bases, including their sovereign immunity under the Eleventh Amendment. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." The Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Absent waiver, neither a State, nor its agencies, nor its officials sued in their official capacities, may "be subject to suit in federal court." *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 480, 107 S.Ct. 2941, 2949–2950, 97 L.Ed.2d 389 (1987) (plurality opinion); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2309, 2311, 105 L.Ed.2d 45 (1989) ("[A] suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

█ The Eleventh Amendment clearly bars plaintiff's claim that defendants violated state law. *See Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir.1990) (holding that where litigants accuse state officers of violating state law when acting in the course and scope of their employment, "the Eleventh Amendment prevents the litigant from raising the claim in federal court whether the litigant seeks damages or injunctive relief"). The Eleventh

Amendment also prohibits suits against state officials acting in their official capacities where the plaintiff seeks monetary relief, or retroactive injunctive or declaratory relief based on allegations that the defendant state officials violated federal law. *See Pennhurst State School v. Halderman,* 465 U.S. 89, 102–03, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (citing *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993)(stating that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past").

 *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), carves out a narrow exception to Eleventh Amendment immunity by permitting suits for prospective relief against state officials for violations of federal or constitutional law by those officials. *See Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 909. *See also Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir.1998) ("To meet the Ex Parte Young exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect."); *Neuwirth v. Louisiana State Bd. of Dentistry,* 845 F.2d 553, 555 (5th Cir. 1988) (*Ex Parte Young* exception "enables a federal court to entertain a suit for prospective relief against a defendant state officer upon allegations that he violated federal law, based on the legal fiction that a state officer cannot then be acting pursu-

ant to state authority"). Here, however, as plaintiff is no longer employed by defendants, he lacks standing to seek prospective relief of any kind. *See Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 563 (5 Cir.1998)(recognizing that plaintiff who cannot show probability of future injury lacks standing to seek prospective injunctive relief); *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 n. 3 (5th Cir.1996)("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.").[1]

For these reasons, and without considering defendants' additional arguments in support of dismissal, it is ordered that defendants' motion to dismiss is granted.

SO ORDERED.

---

1. From the fact that plaintiff lacks standing, his putative class action allegations must also be dismissed. *See Gratz v. Bollinger,* 539 U.S. 244, 289, 123 S.Ct. 2411, 2437, 156 L.Ed.2d 257 (2003) (explaining that where a plaintiff cannot demonstrate the requisite case or con-

troversy between himself personally and defendants, he may not seek relief on behalf of himself or any other member of the class) (citing *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)).