# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

No. 11-40812
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES RICKY CHOYCE, JR.,

Plaintiff-Appellant

v.

MEDICAL SUPERVISOR ADAM VELEZ, Practice Manager at Telford Unit;
REGINALDO F. STANELY, MD at Telford Unit; CLAIRE T. RUSSELL, Mid
Level Practitioner at Telford Unit; TONYA TRAYLOR, Nurse Clinician III at
Telford Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:10-CV-181

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Ricky Choyce, Jr., Texas prisoner # 690391, appeals the district
court's dismissal of his 42 U.S.C. § 1983 complaint upon the defendants' motion
for summary judgment. Choyce alleged that the defendants failed to meet his
serious medical needs with regard to his distal rectal ulcerative proctitis, a foot

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

fungus, back, hip, and leg pain, a lump under his scalp, and the side effects of Nortriptyline, an anti-depressant medication.

This court reviews de novo a grant of summary judgment, applying the same legal standards that a district court applies. *Cuadra v. Houston Indep. School Dist.*, 626 F.3d 808, 812 (5th Cir. 2010), *cert denied*, 131 S. Ct. 2972 (2011). Summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2010). The facts and all inferences are viewed in favor of the nonmoving party. *Cuadra*, 626 F.3d at 812. However, the nonmovant cannot defeat summary judgment with conclusional allegations or unsubstantiated assertions. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

To the extent Choyce sued the defendants in their official capacities for monetary damages, the district court correctly determined that the Eleventh Amendment barred such claims. *See Hughes v. Savell*, 902 F.2d 376, 377-78 (5th Cir. 1990).

The district court similarly did not err in finding that the defendants were entitled to qualified immunity insofar as Choyce was suing them in their individual capacities. Qualified immunity generally shields government officials performing discretionary functions, such as the administration of medical care, from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Id.* at 463 (internal quotation marks and footnoted citation omitted). The mere delay of medical care can constitute an Eighth Amendment

violation only if there has been deliberate indifference that results in substantial harm. *See id.*

On appeal, Choyce challenges the district court's findings, asserting that the defendants delayed, denied, deprived, and refused medical care and treatment of his referenced medical issues. However, his medical records show that he received an abundance of medical care, and he has not shown any intentional delay or refusal to provide him with medical treatment for his proctitis or for any other medical condition for which he requested treatment. In light of the medical information in the summary judgment evidence, Choyce has not shown that the defendants were deliberately indifferent to his serious medical needs. At most, he has established a disagreement with his treatment or unsuccessful treatment, neither of which amounts to a constitutional violation. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Insofar as he alleges that he should have received further treatment, "[t]he decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Accordingly, the district court did not err in finding that the defendants were entitled to qualified immunity and in granting their motion for summary judgment.

Next, Choyce argues that the district court erred in not allowing him to proceed anonymously so as to protect his privacy, health, and safety. However, Choyce filed the instant complaint using his name rather than John Doe, and he did not request to proceed anonymously.

In addition, Choyce argues that the trial court should have investigated his claim and compiled evidence for him. This argument is nonsensical, as it is counsel's duty to investigate and compile evidence; the court must remain strictly impartial. *See United States v. Saenz*, 134 F.3d 697, 702 (5th Cir. 1998); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Choyce next argues that the district court abused its discretion by failing to provide him with an expert witness and a physical and mental examination. The district court does not have authority to appoint an expert witness under 28 U.S.C. § 1915 (the in forma pauperis statute). *Pedraza v. Jones*, 71 F.3d 194, 197 (5th Cir. 1995). Although the district court may appoint an expert witness under FED. R. EVID. 706(a), the rule does not provide for government funding of such a witness. *See* FED. R. EVID. 706(c). As for a physical or mental examination, neither party filed a motion for an examination of Choyce. Moreover, neither Choyce's physical or mental state was in controversy, as the defendants did not deny that he suffered from the asserted medical issues, and Choyce did not claim any mental issues. *See* FED. R. CIV. P. 35; *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 210 (5th Cir. 1990). The district court did not abuse its discretion in failing to sua sponte order an examination of Choyce.

Finally, Choyce asserts that the defendants falsified and fabricated documents and statements and knowingly used perjured testimony and false evidence. He does not identify the falsified or fabricated documents and statements, the perjured testimony, or the false evidence to which he refers. The assertion is therefore wholly conclusory.

The judgment of the district court is AFFIRMED. Choyce's motion for the appointment of counsel is DENIED.