PITCHER, Judge.
Plaintiff, Grady Brewer, an inmate at Louisiana State Penitentiary at Angola, brought this tort suit against the State of Louisiana, through the Department of Corrections (DOC)[1], for injuries he received when he was set on fire by another inmate. From a judgment dismissing his suit, plaintiff appeals.

FACTS

On December 4,1975, while plaintiff was resting on his bed in his cell, he felt something hit his face. When plaintiff opened his eyes, he saw another inmate, Joseph Chase, squirting lighter fluid into his cell. Chase then threw a match into the cell, setting plaintiff and his cell on fire. Plaintiff was subsequently taken to the prison hospital where he was treated for severe burns.
The prior year, on May 25,1974, plaintiff had stabbed Chase during an altercation. After the stabbing incident, the two men were separated, and Chase was moved to a different cell block. A few weeks prior to the incident ■ involved in the instant case, plaintiff was moved to the cell block in which Chase was housed. Upon learning that Chase shared the same cell block, plaintiff contends that he requested to be moved to a different cell block, but he was *992 not moved. Plaintiff does not remember the names of the guards to whom he made the requests.
On December 1, 1976, plaintiff filed the instant suit for damages against the State of Louisiana, Department of Corrections, claiming that its negligence was the cause of his injuries. On November 10, 1988, the matter went to trial before Commissioner Allen Bergeron. Chase admitted setting plaintiff and plaintiff's cell on fire. Chase also testified that before plaintiff was moved to his tier, he had mentioned to several guards that he and plaintiff could not live together.
On September 22,1989, the commissioner transmitted to the trial court his recommendation that plaintiffs suit be dismissed. The commissioner found that although plaintiff might have mentioned to prison personnel that he and Chase had had problems, it was not sufficient “notice” to properly notify the Department of Corrections that plaintiff felt he would be in danger after being moved to the same cell block where Chase was housed.
On January 29, 1991, after considering the commissioner’s recommendation, the trial court rendered judgment in favor of the Department of Corrections, and dismissed plaintiffs suit. From this adverse judgment, plaintiff appeals.

LIABILITY

A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of ordinary or reasonable care. In order to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. Parker v. State, 282 So.2d 483, 486 (La.1973), cert. denied, 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973); Anderson v. Phelps, 451 So.2d 1284, 1285 (La.App. 1st Cir.1984); McGee v. State Through Dept. of Corrections, 417 So.2d 416, 418 (La.App. 1st Cir.), writ denied, 420 So.2d 981 (La.1982).
Plaintiff alleges his request to be moved to another tier was made to security officers although he could not remember their names. Plaintiff testified that he expected Chase to retaliate against him because of the previous incident. However, it is unclear whether plaintiff ever told security officers why he wanted to move off of the tier. These inmates are housed under conditions which are far from ideal and prison officials must evaluate the complaints made to them by the prisoners. See, Parker v. State, (on rehearing), 282 So.2d at 490.
Additionally, the fact that plaintiff and Chase had a previous violent encounter is insufficient to put the security officers on notice. Plaintiff had many violent encounters with other inmates and described himself as a “dangerous inmate”.
We conclude that the district court properly found that plaintiff failed to prove by a preponderance of the evidence that defendants knew or had reason to anticipate that harm would ensue and failed to use reasonable care in preventing the harm.

CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing plaintiffs suit against the State of Louisiana, through the Department of Corrections, is affirmed. All costs shall be assessed against plaintiff.
AFFIRMED.

. Plaintiff also named several guards and officials and claimed that his injuries would have never occurred had it not been for the negligence and omissions to act of the these employees while they were in the course and scope of their employment for the Louisiana Department of Corrections.