STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0194

EARNEST JOSEPH

VERSUS

LT. DARREN MOODY AND STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS, LOUISIANA STATE PENITENTIARY

Decision Rendered: **NOV 0 9 2020**

* * * * * * *

APPEALED FROM THE
20th JUDICIAL DISTRICT COURT
WEST FELICIANA PARISH, LOUISIANA
DOCKET NUMBER 23,274

HONORABLE WILLIAM G. CARMICHAEL, JUDGE

* * * * * * *

Donna U. Grodner
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Earnest Joseph

Jeff Landry
Attorney General
James L. Hilburn
Baton Rouge, Louisiana
Amber Mandina Babin
New Orleans, Louisiana

Attorneys for Defendant/Appellee
Lt. Darren Moody and State of
Louisiana through Louisiana
Department of Public Safety and
Corrections, Louisiana State
Penitentiary

BEFORE:  McDONALD, HOLDRIDGE, and PENZATO, JJ.

Holdridge J. concurs w/ reasons

Penzato, J. concurs for the reasons
assigned by Judge Holdridge

McDONALD, J.

Earnest Joseph III is an inmate housed at Louisiana State Penitentiary in Angola, Louisiana. Mr. Joseph and his cellmate often argued and had both asked to be moved from the cell they shared. Mr. Joseph alleges he told Lieutenant Darren Moody that his cellmate was acting mentally unstable. Mr. Joseph asked to be moved from the cell before his cellmate "snapped and attacked" him. Lt. Moody did not have authority to move an inmate and did not obtain authority to separate the two men. The next day, Mr. Joseph's cellmate attacked and injured him.

After his request for an administrative remedy was denied, Mr. Joseph filed this "failure to protect" tort suit against Lt. Moody and the State of Louisiana through the Department of Public Safety and Corrections. Following a bench trial, the district court dismissed Mr. Joseph's suit. The district court found that Lt. Moody knew Mr. Joseph and his cellmate did not get along and wanted to be separated; the court further found, however, that Mr. Joseph failed to prove that Lt. Moody's knowledge was sufficient to place prison officials on notice of threatened harm to Mr. Joseph. Mr. Joseph appealed the adverse judgment.

After a complete review of the record, particularly the trial testimony of Mr. Joseph, his cellmate, and Lt. Moody, we conclude the district court properly applied the applicable law, applied the proper standard of review, and the record provides a reasonable factual basis for the court's findings. We adopt the district court's October 7, 2019 written reasons for judgment as our own and attach them to this decision as Attachment I.

The district court's judgment is affirmed. We render no cost assessment in this pauper suit.

AFFIRMED.

2

# "ATTACHMENT I"

EARNEST JOSEPH

VERSUS

LT. DARREN MOODY ET AL

NUMBER 23,274 DIVISION B

20TH JUDICIAL DISTRICT COURT

PARISH OF WEST FELICIANA **FILED**

STATE OF LOUISIANA **OCT 0 8 2019**

Dy. Clerk of Court

## REASONS FOR JUDGMENT

On August 7, 2017, Earnest Joseph, an inmate at the Louisiana State Penitentiary, was seriously injured when he was attacked by his cell mate, George Fobb. Mr. Joseph has filed this action against Lt. Darren Moody and the State of Louisiana, Department of Public Safety and Corrections seeking damages for the injuries he suffered in the attack. The matter was tried on September 16, 2019 and taken under advisement.

Mr. Joseph and Mr. Fobb were cell mates. Though it is not clear from the testimony, they may have been related to each other or thought they were related. Lt. Moody was one of the officers in charge of the area where Mr. Joseph and Mr. Fobb were confined. Lt. Moody testified that the two inmates were placed in the same cell at their request claiming they were cousins. He had no objection to such a placement because it would mean less chance of problems in that cell. Lt. Moody readily admitted that, at some time after they were placed together, neither Mr. Joseph nor Mr. Fobb wanted to remain as cell mates. According to Lt. Moody, Mr. Joseph asked to be moved because he couldn't get along with Mr. Fobb, and Mr. Fobb wanted to be transferred from the penitentiary at Angola to a prison closer to his home. Lt. Moody had no authority to authorize a move from the cell or a transfer from Angola, but took no action to obtain authority to separate the two inmates. On August 7, 2017 or August 8, 2017, while Mr. Joseph was receiving canteen items from Sgt. Kandy Dousay, he was attacked by Mr. Fobb. Sgt. Dousay testified that Mr. Joseph said something to Mr. Fobb which she could not hear. Mr. Fobb uttered an obscenity and struck Mr. Joseph with a closed fist causing Mr. Joseph's head to strike the cell bars. She stated that Mr. Fobb ceased the attack when she ordered him to do so. The inmates were separated, and Mr. Joseph was taken to the hospital. There is no dispute that Mr. Joseph was seriously injured and continues to experience difficulties as the result of the attack. There is also no dispute that Mr. Joseph complained about Mr. Fobb to Lt. Darren Moody before the attack.

A penal institution is not an insurer of an inmate against attacks by other inmates. The parties agree that the correct standard in this case is that of ordinary or reasonable care. In order

1

to hold the penal authorities liable for an injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. Mr. Joseph claims that his complaints to Lt. Moody satisfy the first part of the standard. In other words, the Defendants knew or had reason to anticipate the attack based on Mr. Joseph's complaints. Lt. Moody's inaction in failing to separate Mr. Joseph from Mr. Fobb, according to the Plaintiff, satisfies the second part of the standard.

As part of the Plaintiff's burden to show that the authorities knew of or had reason to anticipate harm, he must show that there was reason to believe that the threatened harm was real and actual and sufficient to place prison officials on notice to act in order to prevent it. There is no question that Mr. Joseph and Mr. Fobb didn't get along. They both testified that they had disputes and arguments. They gave different reasons for the disagreements, but both testified that they didn't want to live together. Their desire to be separated was known to Lt. Moody. That knowledge, alone, is insufficient to place the officials on notice that there was threatened harm. Mr. Joseph testified that he told Lt. Moody that Mr. Fobb was acting crazy, was bipolar, and threatened him. Lt. Moody testified that Mr. Joseph was always saying that Mr. Fobb was crazy but "in a playing way." He also testified that Mr. Joseph, in fact, asked to be moved but was not adamant and did not indicate that he was in fear of Mr. Fobb or that Mr. Fobb threatened him. Lt. Moody went on to say that, had he known about a problem that placed Mr. Joseph in danger, he would have taken action to separate the inmates.

The testimony of Mr. Joseph and Lt. Moody is inconsistent. If Mr. Joseph made it clear to Lt. Moody that there was a credible threat to his safety, he has satisfied the requirement to show that the prison officials were on notice of the potential harm. If, as Lt. Moody testified, what Mr. Joseph said was "just talk," there was no notice to the authorities of potential harm. That determination turns on the specific facts. Though Mr. Joseph testified that he complained to Lt. Moody, he complained to no one else of the perceived danger though he had ample opportunity to do so. According to his own testimony, Mr. Joseph was familiar with the procedure and knew that he could "go up through the ranks" to make the danger known so he could be moved, but he failed to take any action to tell any other security officer or other prison personnel of his fear. While Mr. Joseph claimed he made his fears about Mr. Fobb known, he also testified that he "tried to make it through" by using what he had learned in his psychology courses rather than call attention to any problem with Mr. Fobb that would adversely affect his

2

upcoming parole board hearing. If Mr. Joseph was as fearful as he claimed, he certainly would have attempted to get help by all means rather than try to reason with someone he thought was mentally ill. And it is unclear how reporting his fears would have had any effect on his chances for parole. Mr. Joseph also testified that he feared Mr. Fobb would "snap" because of his mental disorder. As evidence, he showed that Mr. Fobb was placed on suicide watch shortly before the attack and, in fact, "snapped" for no reason as Mr. Joseph predicted. However, Lt. Moody testified that Mr. Fobb was placed on suicide watch as the result of his effort to be transferred from Angola and that he was not on any medication on returning from suicide watch or at the time of the attack. Finally, as to that issue, both Sgt. Dousay and Lt. Moody testified that Mr. Fobb was not acting irrationally at the time of the attack and ceased striking Mr. Joseph when ordered to do so. Mr. Fobb's explanation that he attacked Mr. Joseph because he refused to stop masturbating in the cell is more likely than Mr. Joseph's claim that he was attacked by Mr. Fobb suddenly for no reason other than Mr. Fobb "snapped." Lt. Moody's testimony and explanation is more reliable than that of Mr. Joseph. Mr. Joseph has failed to show that the conversations with Lt. Moody were sufficient to place the authorities on sufficient notice to anticipate the harm that was caused by Mr. Fobb.

For the foregoing reasons, the petition of Earnest Joseph will be dismissed at his costs.

Judgment will be signed accordingly.

Counsel for the Defendants shall prepare and circulate a judgment consistent with these reasons within the applicable time periods.

St. Francisville, Louisiana this 7th day of October, 2019.

William G. Carmichael
Judge, Division B

Please notify all counsel.

3

EARNEST JOSEPH

VERSUS

LT. DARREN MOODY AND
STATE OF LOUISIANA THROUGH
LOUISIANA DEPARTMENT OF
SAFETY AND CORRECTIONS,
LOUISIANA STATE PENITENTIARY

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0194

**HOLDRIDGE, J., Concurring**

I respectfully concur in the result. In order to determine whether liability exists under the facts of a particular case, our courts have adopted the duty-risk analysis. **State ex. rel Jackson v. Phelps**, 95-2294 (La. 4/8/96), 672 So.2d 665, 666. Under this analysis, the plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. **Id**. at 666-67. While it is clear that a penal institution is not an insurer of an inmate attack by another inmate, penal authorities have a duty to use reasonable care in preventing harm after they have reasonable cause to anticipate it. **Id**. at 667. The authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm. **Brewer v. State of Louisiana**, 618 So.2d 991, 992 (La. App. 1st Cir.), writ denied, 625 So.2d 1033 (La. 1993). Whether the state breached its duty will depend on the facts and circumstances of each case. **State ex. rel Jackson**, 672 So.2d at 667.

Thus, the major issue for review by this court is whether Lt. Moody breached the duty which he owed to Mr. Joseph by not separating Mr. Joseph and Mr. Robb after repeated pleas by Mr. Joseph that he thought Mr. Fobb was a threat to him. As stated by the trial court, the defendant had a duty to separate the two prisoners before Mr. Joseph was injured if the authorities (Lt. Moody) ""knew or had reason to anticipate harm" and the threatened harm was "real and actual."

There is no dispute that Mr. Joseph complained about Mr. Fobb to Lt. Moody before the attack. Therefore, the real issue is whether there was a breach of duty by Lt. Moody in not separating the two prisoners. The breach of duty issue is a factual issue which this court must review to determine if the trial court was manifestly erroneous. See **Snearl v. Mercer**, 1999-1738 (La. App. 1st Cir. 2/16/01), 780 So.2d 563, 574, writs denied, 2001-1319 (La. 6/22/01), 794 So.2d 800 & 2001-1320 (La. 6/22/01), 794 So.2d 801. The trial court found that Mr. Joseph did not make it clear to Lt. Moody that "there was a credible threat to his safety." The trial court further found that "even though Mr. Joseph testified that he complained to Lt. Moody, he complained to no one else of the perceived danger though he had ample opportunity to do so." The court reasoned that if "Mr. Joseph was as fearful as he claimed, he certainly would have attempted to get help by all means. ..." Since Mr. Joseph failed to report his fear to anyone other than Lt. Moody and Lt. Moody perceived the threat to not be of a serious nature, the trial court held that Lt. Moody did not breach his duty to Mr. Joseph. After a thorough review of the record, I find that the trial court's conclusion that Mr. Joseph failed to prove by a preponderance of the evidence that Lt. Moody knew or had reason to anticipate that harm would ensue and failed to use reasonable care in preventing the harm is not manifestly erroneous.